WARD TERRY AND COMPANY, a corporation,
*Plaintiff and Respondent,*

vs.

LLOYD E. HENSEN AND NORMA L. HENSEN,
*Defendants and Appellants,*

and

THE WYOMING NATIONAL BANK OF CASPER,
a corporation,
*Defendant.*

(No. 2720; May 8th, 1956; 297 Pac. (2d) 213)

For the defendants and appellants the cause was submitted upon the brief and also oral argument of Robert A. Burgess of Casper, Wyoming.

For the plaintiff and respondent the cause was submitted upon the brief of W. J. Wehrli and Houston G. Williams both of Casper; Wyoming, and oral argument by Mr. Williams.

448

## OPINION

Blume, Chief Justice.

On December 13, 1950, one Prewitt and wife gave a warranty deed to Lloyd E. Hensen and Norma L. Hensen, husband and wife, covering lot 23, block 4, in East Dale Addition to the City of Casper, Wyoming. On March 7, 1953, Lloyd E. Hensen and Norma L. Hensen gave a note to Ward Terry and Company, the plaintiff, then known as Robert F. Clark Company, in the sum of $5,280.44, payable in installment and secured by a mortgage of the same date on the property hereinabove mentioned. Norma L. Hensen was born on July 2, 1932, and at the time of the execution of the note and mortgage herein was less than 21 years of age.

On September 10, 1953, Ward Terry and Company, a corporation, above mentioned, filed a petition in the district court of Natrona county, Wyoming, against Lloyd E. Hensen and Norma L. Hensen and the Wyoming National Bank of Casper alleging default in the payments of the installments agreed to be paid and asked judgment for the amount due in the sum of $5,350.16. The petition also alleger that the Wyoming National Bank of Casper had a first mortgage against the proprety in the sum of $6,078.54. Plaintiff accordingly asked for judgment above mentioned and a foreclosure of the mortgage above set forth, subject to the bank's mortgage.

Lloyd E. Hensen in a separate answer alleged as a defense that the above described property was on March 7, 1953, the date of the mortgage above mentioned, a homestead occupied by himself and his wife and that they now claim the property as a homestead. In a separate answer, Norma L. Hensen set forth that she disaffirmed the note and mortgage above mentioned by reason of her minority and by the answer then filed gave notice to that effect.

Judgment was entered in the case after trial thereof on April 28, 1955, finding generally in favor of the plaintiff; that Norma L. Hensen, by reason of her minority and disaffirmance, was not liable on the note and mortgage above mentioned; but gave judgment against Lloyd E. Hensen and ordered the property above described to be sold subject to the mortgage of the Wyoming National Bank of Casper. The court held that the plaintiff was entitled to the possession, rents, issues and profits of the property above described during the lifetime of the defendant Lloyd E. Hensen and appointed a receiver therefor. From the judgment so entered, the defendants Lloyd E. Hensen and Norma

L. Hensen have appealed. The court did not directly pass on the question as to homestead raised by the answer of Lloyd E. Hensen, and in view of our conclusion herein we need not do so. The question raised and argued in this court relates to the nature of the interest possessed by husband and wife in an estate held by the entirety, and the real question of importance herein is as to whether or not the rents, income and profits from such an estate can be subjected to a judgment against the husband alone during the lifetime of the wife.

As stated before, the conveyance above mentioned by warranty deed was to Lloyd E. Hensen and Norma L. Hensen, husband and wife. It was accordingly a property held by the entirety. Peters v. Dona, 49 Wyo. 306, 54 P.2d 817.

"An estate by the entireties is the estate created at common law by a conveyance or devise of property to husband and wife. Under such a conveyance or devise husband and wife, by reason of their legal unity by marriage, take the whole estate as a single person with the right of survivorship as an incident thereto, so that if one dies, the entire estate belongs to the other by virtue of the title originally vested." 26 Am.Jur. § 66, p. 692.

"An estate by the entireties involves the unities of time, title, interest, and possession, as well as the husband and wife unity of ownership." 26 Am.Jur. § 71, p. 698.

Entirety in this connection means indivisibility. The estate is owned not by one but by both as an indivisible entity and has the characteristics of a joint tenancy by reason of the fact that the survivor takes all. But the estates differ in the fact that joint tenants may divide the estate, but tenants by the entirety cannot do so ex-

cept by the joint act of husband and wife. At common law the husband had the right, in his own right and jure uxoris, to the control, possession and usufruct of property in which he and his wife had an estate by the entireties. That rule has been considerably modified by the rights given to women under modern statutes.

Article 6, § 1, of our constitution provides that:
"Both male and female citzens of this state shall equally enjoy all civil, political and religious rights and privileges."

Civil rights mentioned in the constitution include the rights of property, marriage, protection by the laws, freedom of contracts, trials by jury, etc. 14 C.J.S. 1159.

Section 50-201, W.S.C. 1945, provides in part as follows:

"All the property, both real and personal belonging to any married woman as her sole and separate property, or which any woman hereafter married owns at the time of her marriage, or which any married woman during coverture acquires in good faith from any person whomsoever, or by descent or otherwise, together with all rents, issues, increase and profits thereof, shall, notwithstanding her marriage, be and remain during coverture her sole and separate property under her sole control and be held, owned, possessed and enjoyed by her the same as though she were sole and unmarried, and shall not be subject to the disposal, control or interference of her husband, and shall be exempt from execution or attachment for the debts of her husband * * *."

Section 50-202 W.C.S. 1945 provides that the wife may sell, convey or contract for her property as if unmarried. Sections 50-203, 50-204, 50-205, provide that she may sue or be sued, that she may make a will and that she may carry on business. What is the effect of

such provisions? It is rather difficult, as counsel for plaintiff point out, to determine the rights of the wife in an estate by the entirety under the statutory provisions above mentioned and the courts of the various jurisdictions have arrived at different results. Twelve states have held that the statute conferring rights of women as to their separate property have swept away estates by the entirety. Annotation, 141 A.L.R. 181. These states are Alabama, California, Colorado, Illinois, Iowa, Maine, Minnesota, New Hampshire, Oklahoma, South Carolina, West Virginia and Wisconsin. The courts of the majority of the states, however, have held that estates by the entirety have not been abrogated. Annotation, 141 A.L.R. 187 and subsequent pages. Most of the statutes, as ours, do not mention estates by the entirety and so they are generally held to be still in existence. The courts differ as to the nature and extent of the estate, and various reasons are advanced in this connection. Annotation, 141 A.L.R. 187 to 204.

In Massachusetts it is held that the estate by the entirety is the same as that at common law, under which the husband had full control of the estate during the lifetime of the wife and was entitled to the usufruct thereof which he could convey or mortgage and which could be sold in favor of creditors. Pray v. Stebbins, 141 Mass. 219, 4 N.E. 824, 55 Am.Rep. 462; Raptes v. Pappas, 259 Mass. 37, 155 N.E. 878. So it is held in Lewis v. Pate, 212 N.C. 253, 193 S.E. 20, that "the husband, during coverture and as between himself and the wife, has absolute and exclusive right to the control, use, possession, rents, issues, and profits of property held as tenants by the entirety." We cannot follow these cases. They are contrary to the great weight of authority which hold that the exclusive right to rents, profits and usufruct of an estate by the

entirety on the part of the husband alone has been swept away by modern statutes. Fairclaw v. Forrest, 76 U.S.App. D.C. 197, 130 F 2d 829 and cases thereafter cited. 41 C.J.S. 463, notes 52 to 54; 26 Am.Jur. 709. That exclusive right at common law was not part of the nature of an estate by the entirety, but arose out of the fact that the husband, by reason of his marital rights (jure uxoris) had control of all of the property of his wife whether owned by her as her separate estate or by her and her husband jointly. See 26 Am.Jur. 684 and 709. A number of cases hold that a woman's interest in property held by her and her husband by the entirety is her separate property within the meaning of the statutes giving her contral of her property. 41 C.J.S. 465, note 69. But whether that is correct or not, it is at least certain that under statutes like ours, the husband does not control property owned by her alone. His common law right has been taken away at least to that extent. The wife has been given the right to control her own property. Her disability to do so has been swept aside. Logic and reason tell us that this should apply throughout and to every kind of property she has. She has an interest in property held by her and her husband by the entirety, and to say that she has no part in the control of the latter would be rather anomalous and contrary to the spirit if not the letter of our constitutional and statutory provisions heretofore cited. See Alfred v. Bankers' & Shippers' Ins. Co., 167 Tenn. 278, 68 S.W. 2d 941.

But while the cases generally hold that the exclusive control has been swept away they do not agree on the question as to whether or not any of the income, rents, profits, and usufruct may be controlled by either spouse separately. See Annotation, 141 A.L.R. 203, 204; Annotation, 166 A.L.R. 996, 997.

In five of the states namely, New York, New Jersey, Oregon, Tennessee and Arkansas, the holding is that the right given a wife in the income and usufruct of land held by the entirety is held by her as tenant in common with the husband and the interest owned by the respective spouse may be subjected to execution for an indebtedness due from him or her. Hiles v. Fisher, 144 N.Y. 306, 39 N.E. 337, 30 L.R.A. 305; Zanzonico v. Zanzonico, 24 N.J.Misc. 153, 46 A.2d 565, 166 A.L.R. 964; Buttlar v. Rosenblath, 42 N.J.Eq. 651, 9 A. 695, 59 Am.Rep. 52; Ganoe v. Ohmart, 121 Or. 116, 254 P. 203; Newson v. Shackleford, 163 Tenn. 358, 43 S.W.2d 384; Branch v. Polk, 61 Ark. 388, 33 S.W. 424, 30 L.R.A. 324; Moore v. Denson, 167 Ark. 134, 268 S.W. 609.

A good discussion on this point is found in Hiles v. Fisher, 144 N.Y. 306, 39 N.E. 337, 339, 30 L.R.A. 305. In that case the court held:

"The right (of the husband) to the rents and profits of her lands, jure uxoris during the joint lives, was completely swept away, not by express enactment, but as a necessary consequence of investing her with the beneficial use of her own property, free from his control."

The court then proceeded to discuss the result of such holding and said:

"There are, as we can perceive, but two other alternatives,—either the rents and profits follow the nature of the estate, and can neither be disposed of nor charged without the joint act of both husband and wife, which seems to be the view taken in McCurdy v. Canning, 64 Pa.St. 39; or the parties become tenants in common or joint tenants of the use, each being entitled to one-half of the rents and profits during the joint lives, with power to each to dispose of or to charge his or her moiety during the same period, which

seems to be the view taken in Buttlar v. Rosenblath, 42 N.J.Eq. 651, 9 Atl. 695. We think the rule adopted in New Jersey best reconciles the difficulties surrounding the subject. The estate granted is not thereby changed. It leaves it untouched, with all its common-law incidents. It deals with the rents and profits and the use and control of the estate during coverture only, and gives to each party equal rights so long as the question of survivorship is in abeyance, thereby conforming to the intention of the new legislation to take away the husband's right, jure uxoris, in his wife's property, and to enable the wife to have and enjoy 'whatever estate she gets by any conveyance made to her, or to her and others jointly, and does not enlarge or diminish that estate.' "

See also a full discussion on the point in Branch v. Polk, 61 Ark. 388, 33 S.W. 424, 30 L.R.A. 324.

The courts in twelve jurisdictions reason differently and hold in substance that the rents, income and usufruct of the land held by the entirety are an integral part of the estate, and therefore cannot be taken under a judgment against the husband alone. The cases from these twelve jurisdictions are as follows: Carlisle v. Parker, 38 Del. 83, 188 A. 67; Hurd v. Hughes, 12 Del.Ch. 188, 109 A. 418; American Wholesale Corp. v. Aronstein, 56 App. D. C. 126, 10 F. 2d 991; Fairclaw v. Forrest, 76 U.S.App.D.C. 197, 130 F. 2d 829; Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. 376; Chandler v. Cheney, 37 Ind. 391; Patton v. Rankin, 68 Ind. 245, 34 Am.St.Rep. 254; Shinn v. Shinn, 42 Kan. 1, 21 P. 813, 4 L.R.A. 224; Hoffman v. Newell, 249 Ky. 270, 60 S.W. 2d 607, 613; Annapolis Banking & Trust Co., 164 Md. 8, 164 A. 157; Dickey v. Converse, 117 Mich. 449, 76 N.W. 80, 72 Am.St.Rep. 568; Muskegon Lumber & Fuel Co. v. Johnson, 338 Mich. 655, 62 N.W.2d 619; Otto F. Stifel's Union Brewing Co. v. Saxy, 273 Mo. 159, 201 S.W. 67, L.R.A. 1918C 1009; Kingman v. Banks, 212 Mo.App. 202, 251 S.W. 449;

McCurdy v. Canning, 64 Pa. 39; Bloomfield v. Brown, 67 R.I. 452, 25 A.2d 354, 141 A.L.R. 170; Sargent v. Platt, 111 Vt. 185, 13 A.2d 195; Annotation, 141 A.L.R. 204; Annotation,, 166 A.L.R. 996.

In Annapolis Banking & Trust Co. v. Smith, 164 Md 8, 164 A. 157, 159, 160, the court stated:

"The question finally, therefore, is whether the usufruct, issues, rents, or profits of the estate can be regarded as separate and distinct from the estate itself. Here again there is an apparent conflict between the decisions on that question at common law, and the decisions since the adoption of the Married Women's Acts. At common law the husband was entitled to the complete control of his wife's property during their joint lives, Schindel v. Schindel, 12 Md. 108; Id., 12 Md. 294, Tiffany on Real Property § 205, and his estate was liable to execution for his debts, Ibid. But when the husband was as a result of those statutes deprived of those marital rights, his interest in the property was no longer measured by the conveyance and the common law, and the statutes, and the question was not whether the freehold which he held at common law in the wife's property could be separated from the estate by the entireties, for that was gone, but whether the use of the estate was a part of it. On that question as well as on the effect of the Married Women's Acts on the estate itself the decisions are in conflict. But where, as in this state, the estate is recognized, and it is settled that the husband's interest in it cannot be sold to satisfy his debts, Jordan v. Reynolds, 105 Md. 288, 66 A. 37, 9 L.R.A. (NS) 1026, 121 AM.St. Rep. 578, 12 Ann.Cas. 51, the sounder view is that the usufruct cannot be separated from the estate itself; for it would be an empty privilege to give the wife the right to enjoy the whole property jointly with her husband, if she could be deprived of the use of one-half of it at any time by his creditors or alienees. To hold that would be to destroy the estate by converting it into a joint tenancy or tenancy in common except as to the indestructibility o fthe incident of survivorship which is peculiar to the estate of tenancy by the entireties. Brewre v. Bower-

sox, supra. If the wife has a present complete right to the possession, use, occupation, and enjoyment of the whole estate jointly with her husband, that right would be invaded and annulled by compelling her to take in lieu thereof an exclusive right in a part of it. It is no answer to that objection to say that an equal division of the usufruct may not injure either tenant; for if the wife has the right to use and enjoy the whole, and that right is protected by statutes which allow her complete freedom in the use, possession, and ownership of her property, the wife and the wife alone should have the power to say whether she will exchange the right of enjoying and using the whole property jointly with her husband, or a part of the property exclusively. * * * It is suggested that as a result of that conclusion the 'rights' of the husband's creditors will be defeated, but there is little force in that even as an ad captandum argument, for the creditors have no 'rights' but such as the law gives them, and the law gives them no right to take the wife's property for the husband's debts, and no reason appears why they could not have discovered before they extended credit what they learned afterwards that the property which they now seek to reach was not held by Neilson but by Neilson and his wife as tenants by the entireties."

In McCurdy v. Canning, 64 Pa. 39, 41, 42, the court considered a statute, somewhat similar to part of § 50-201 W.C.S. 1945, reading as follows:

"Every species and description of property, of whatever name or kind, which may accrue to any married woman during coverture, by will, descent, deed of conveyance or otherwise, shall be owned, used and enjoyed by such married woman as her own separate property, and shall not be subject to levy and execution for the debts or liabilities of her husband, nor shall such property be sold, conveyed, mortgaged or transferred, or in any manner encumbered by her husband without her written consent first had and obtained and duly acknowledged, &c." ' "

The court state:

" 'Here is a married woman who is neither a joint ten-

ant or tenant in common with the husband, but who is seised of the whole estate, and with him entitled to possession of the whole. If a purchaser of the husband's interest may be put into possession with her, what follows? This: 1st. You have destroyed her estate and turned her entirety into a joint tenancy or tenancy in common. 2d. You have deprived her altogether of the possession, because it is not in the nature of things that she can enjoy actual possession with a stranger as she did with her husband. 3d. You have taken away her property without her consent and destroyed her rights, which were protected by the Act of April 11th 1848. She was entitled to possession of the whole with her husband. You propose to give possession of the whole with a stranger, a possession which she cannot, and which he probably would not enjoy. If it should be answered that the property may be rented, and a moiety of the rents and profits may be paid to her, that is only to say that you may deprive her of her estate and give her another of inferior value, a substitution which you have no right to propose. The words of the Act of 1848 are of so comprehensive a character, and its purpose to protect every possible interest of the wife is so plain, that we cannot, by any possible construction, consistent with the object of the legislature, and the language which they have used, except this interest from its protection.

" 'These considerations lead us to the conclusion that one who, without the consent of the wife, purchases the husband's interest in real estate in which both husband and wife are seised of the entirety, and to the possession of the whole of which she is entitled equally with him, does not acquire, during the wife's life, any right to the possession, either jointly with her or to her entire exclusion. Practically these two propositions are not alternatives but the same.' "

In the case of Chandler v. Cheney, 37 Ind. 391, 408, 409, the court said on the same point.

"The property belongs as much to the wife as to the husband, and she has just as clear, undoubted, and equitable a right to the use and enjoyment of the prop-

erty during the existence of the marriage, as she has to succeed to the estate upon the death of her husband. The opposite doctrine is full of absurdities and gross injustice. * * * The right of the wife to the joint enjoyment of the estate, during the marriage, is as valuable and sacred as the right of taking the entire estate by survivorship upon the death of her husband. The rights of the wife in the joint property are as sacred as those of the husband, and should be firmly secured, guarded, and protected by the law as are his. There is an equity in equality, but there is gross iniquity and injustice in permitting the husband to deprive the wife of the use and enjoyment of an estate that does not belong exclusively to either, but to both, and which belongs as much to the wife as to the husband."

In the case of Shinn v. Shinn, 42 Kan. 1, 21 P. 813, 815, the Kansas Supreme Court, under statutes very similar to ours and after mentioning the rights at common law, stated as follows:

"But our statutes have materially changed this rule of the common law. Under our statutes the wife now has the same right to the use and control of her own property as her husband has to the use and control of his. She now has the same right to the use and control of the interest in property which she holds with her husband or others as tenants in common, or as joint tenants, or as tenants by the entirety, as her husband or any one of the other tenants has to the use and control of a like interest in the property. The statutes do not attempt to abolish or affect tenancies by the entirety any more than they attempt to abolish or affect tenancies in common. Both kinds of tenancies still exist, an dboth are alike affected as between a husband and wife by the foregoing statutes. But, as the wife now has the same right to the use and control of property held by herself and husband together as tenants by the entirety as he has, and as she has the right as well as he to the entire use and control of such property, the selling on execution or the otherwise disposing of the husband's interest in such property without her consent could not divest the wife of her right to the posses-

sion of the entire property, nor of her right to the use and control of the same. In this connection see Davis v. Clark, 26 Ind. 424, and the several cases hereafter cited. As long as the wife lives, the property cannot be legally seized or sold on execution for the husband's debts nor could the purchaser, if the property should be sold, take the possession of it, for the wife has the exclusive right to the possession thereof, and to the use and control of the same, except as against her husband alone, who has a like right to the possession and to the use and control of the same."

We think the more logical holding is that in the states last mentioned. In the absence of an agreement to the contrary the income, rents and profits of an estate by the entirety are an integral, indivisible part thereof and frequently are the most important part. The estate itself, title and fee thereof, is indivisible between husband and wife and cannot be alienated or in any way disposed of unless they agree to the contrary. That indivisibility must logically extend to every part of the estate including the rents, income and profits thereof and hence neither spouse would alone be able to divest the other thereof voluntarily or involuntarily against the wishes of the other during the life of both. It is difficult for us to perceive how an integral, indivisible part of an estate by the entirety can, without the consent of the husband and wife, be converted into an estate of cotenancy as held in New York and some other states. If this holding interferes too much with the rights of creditors as held in some of the cases, the remedy should be provided by the legislature. We should not be asked to lay down a rule which appears to us to be illogical.

In view of the fact that Norma L. Hensen disaffirmed the note and mortgage in question by reason of her minority, the indebtedness owing to the plaintiff is the indebtedness of Lloyd E. Hensen alone. It fol-

lows from what we have said that the rents, income and profits from the property in controversy, being a property held by husband and wife and by the entirety, cannot be subjected to that indebtedness during the life of the wife and without her consent.

The judgment herein is accordingly reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Reversed.*

Harnsberger, J., and Parker, J., concur.