William A. COYNE, Orville A. Swan and Paddy L. Renner, Appellants (Defendants below),

v.

STATE of Wyoming, ex rel. Lowell THOMAS, John Hogg, George Grosh, Janice Grosh, Jack Turnell, Joe Lewis, Becky Bennett, Alice Renner, Dan Griffin and John D. Lewis, Appellees (Plaintiffs below).

No. 5035.

Supreme Court of Wyoming.

June 5, 1979.

L. B. Cozzens, of Simpson, Kepler, Simpson & Cozzens, Cody, for appellants.

Richard W. Day, of Goppert, Day & Olson, Cody, for appellees.

Edgar Young, of Patrick E. Hacker & Associates, Cheyenne, as amicus curiae.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

This is an appeal from a summary judgment rendered against appellants-defendants in a quo warranto action brought on relation of ten patrons of Park County School District No. 16. We will reverse.

Defendants were duly elected and acting members of the five-man board of trustees of the district. There is no disagreement as to the material facts of the case.[1] Two of the defendants were spouses of teachers employed by the district. The other defendant was the spouse of a cook employed by the district. The trial court ordered the defendants "ousted from the office of Trustee" after finding:

"1. A conflict of interest within the meaning of Wyo.Stat. §§ 6–8–508 and 9–8–318 (1977) exists by virtue of the fact that the Defendants' spouses are employed by Park County School District No. 16 at the same time the Defendants serve as Trustees for said School District; and

"2. By virtue of the doctrine of incompatibility the Defendants, and each of them, are ineligible to hold the office of Trustee for Park County School District No. 16 for so long as their spouses are employed by said School District."

## CONFLICT OF INTEREST

In the opinion of the trial judge which accompanied the summary judgment, reference was made to specific instances on nineteen separate dates, as reflected in the minutes of the board of trustees, on which defendants were said to vote or act on matters of conflicting interest.

The actions of trustees in connection with salaries, employment contracts, employee insurance and fringe benefits, suspension, discharge, transfers, assignments and similar matters are those which are said to engender a conflict of interest for school district trustees whose spouses are district employees.

The Wyoming statutes relative to conflict of interest and which are referred to in the summary judgment provide:

"(a) Any state officer, county commissioner, trustee of any school district, mayor, councilman or trustee of any city or town, or any person holding any appointing power, or any person holding an office under the laws of this state, who shall, during the time he may occupy such office or hold such appointing power and discharge the duties thereof, be interested, directly or indirectly, in any contract for the construction of any state building, courthouse, schoolhouse, bridge, public building, or work of any kind, erected or built for the use of the state, or any county, school district, city or town in the

---

1. Each party filed a motion for summary judgment containing an allegation of no genuine issue as to a material fact, and the parties either stipulated to such facts or they were admitted in the answer to the complaint.

state in which he exercises any official jurisdiction; or who shall bargain for or receive any percentage, drawback, premiums, or profits, or money whatever on any contract, or for the letting of any contract, or making any appointment wherein the state, or any county, school district, city or town is concerned, shall be fined not more than five thousand dollars ($5,000.00) nor less than one hundred dollars ($100.00).

"(b) Provided, that if any such officer, official or person, as mentioned in subsection (a) hereof, shall be interested as aforesaid in any such contract, but shall disclose the nature and extent thereof to all the contracting parties concerned therewith and shall absent himself during the considerations and vote thereon and not attempt to influence any of the contracting parties and not act directly or indirectly for the governing body in inspection, operation, administration or performance of any such contract, then the said acts shall not be unlawful under this section; provided that the foregoing shall not be required or apply as to the operation, administration, inspection or performance of banking and deposit contracts and relationships after the selection of a depository." Section 6–8–508, W.S.1977.

"(a) It shall not be lawful for any person, now or hereafter holding any office, either by election or appointment, under the constitution or laws of this state, to become in any manner interested, either directly or indirectly, in his own name or in the name of any other person or corporation, in any contract, or the performance of any work in the making or letting of which such officer may be called upon to act or vote. And it shall not be lawful for any such officer to represent, either as agent or otherwise, any person, company or corporation, in respect of any application or bid for any contract or work in regard to which such officer may be called upon to vote, nor shall any such officer take or receive, or offer to take or receive, either directly or indirectly, any money or other thing of value, as a gift or bribe, or means of influencing his vote or action in his official character; and any and all contracts made and procured in violation hereof, shall be null and void.

"(b) Provided, that if any such person mentioned in subsection (a) hereof shall be interested as aforesaid or shall represent as aforesaid any person, company or corporation, but shall disclose the nature and extent thereof to all the contracting parties concerned therewith and shall absent himself during the considerations and vote thereon and not attempt to influence any of the contracting parties and not act directly or indirectly for the governing body in inspection, operation, administration or performance of any such contract, then the said acts shall not be unlawful under this section; provided that the foregoing shall not be required or apply as to the operation, administration, inspection or performance of banking and deposit contracts and relationships after the selection of a depository." Section 9–8–318, W.S.1977.

These statutes reflect that a person is not disqualified from holding an office or position that conflicts with other interests of that person. They further reflect that if such conflict exists, one of two things must occur—either the person complies with the requirements of the provisos, or the contract or other action is a nullity and the person is subject to criminal prosecution. Thus, the legislature has determined that a conflict of interest alone does not *ipso facto* disqualify one from holding a governmental office or position.

The power to impose qualifications upon the right to hold public office or position is that of the legislature. Such restrictions must be reasonable and designed to promote a compelling state interest. A member of the board of trustees is elected by the voters of the district and is in office by virtue of the sovereign right of the people to select their representatives. The qualifications imposed by these statutes are reasonable and designed to promote a compelling state interest and control the

disposition of this case insofar as the conflict of interest issue is concerned. *Haskins v. State ex rel. Harrington,* Wyo., 516 P.2d 1171 (1973); *State ex rel. Pape v. Hockett,* 61 Wyo. 145, 156 P.2d 299 (1945); *Brimmer v. Thomson,* Wyo., 521 P.2d 574 (1974).

■ If a matter in which one of the defendants has a conflicting interest comes before the board of trustees, that defendant must: (1) disclose the interest; (2) absent himself during consideration and vote on the matter; (3) not attempt to influence the parties to the matter with reference thereto; and (4) take no part in the future execution of the matter. If he fails to do so, the action taken on the matter shall be null and void, and the defendant shall be subject to criminal prosecution for which the penalty is a fine of $100.00 to $5,000.00. The legislature has recognized the existence of conflicts of interest and has directed the procedure and remedies applicable thereto. Accordingly, we cannot sustain the trial court in applying the remedy of quo warranto in this case on the basis of conflict of interest.

The appellate status of this case is not such as will allow us to address relators' contention that the board of trustees will be unable to function on necessary matters if three trustees of the five-man board remove themselves on the basis of conflict of interest from involvement in such matters, thus destroying a quorum. We cannot speculate in this respect and disqualify an elected trustee from holding office on the basis of such speculation. It may be necessary to weigh the interest of the public against the propriety of leaving the matter in limbo. It may, or may not, be proper for trustee A to remove himself from consideration and vote on a proposition as it applies to him but consider and vote on it as it applies to trustee B, and vice versa. This is not to suggest any procedure to be used, but it is only to illustrate the variations in speculation in which relators would have us indulge ourselves on this issue. We cannot address the issue until the facts and law concerning it are presented to the trial court and then brought before us pursuant to normal appellate procedure.

## INCOMPATIBILITY OF OFFICE

■ Although the reasoning behind each is similar, incompatibility of office or position is not the same as conflict of interest. Incompatibility of office or position involves a conflict of duties between two offices or positions. Of course, this conflict of duties is also a conflict of interest. But a conflict of interest can exist when only one office or position is involved, the conflict being between that office or position and a non-governmental interest. Incompatibility of office or position requires the involvement of two governmental offices or positions. Incompatibility of office or position may be sufficient for vacation of an office when conflict of interest is not. *Haskins v. State ex rel. Harrington,* supra.

■ Proper application of quo warranto to incompatibility of office or position was discussed at length in *Haskins v. State ex rel. Harrington,* supra. Among other determinations, the court there noted that there is no constitutionally protected right to hold incompatible offices or employments; that any constitutional personal right or interest in holding such offices or employments must be subordinated to compelling state policy or interest; that incompatibility in office or position exists whenever one of the offices or positions held by an individual is subordinate to another held by him in some of its important and principal duties and is subject to some degree to the revisory power of such other office; that incompatibility in office or position exists when the duties of the two offices or positions held by an individual conflict to the extent of depriving the citizens being served of independent judgment by the holder of such office or position on an issue which might arise affecting the respective offices or positions; and that holding the office of trustee of a school district by a person is incompatible with holding of the position of teacher by that person.

A quick answer to the issue of incompatibility of office or position presented here would be to hold that such incompatibility

exists only when the two offices or positions are held by one individual, and that it does not exist in this case inasmuch as the two offices or positions are held by two separate individuals.

■■■ We so hold, but to do so we must address the true basis for relators' position, i. e., that husband and wife constitute a single entity for the purpose of incompatibility of office and position, with a community of interest and a natural family sentiment which will prevent one of them, as trustee of a school district, from exercising impartial and independent judgment in the public interest on a matter in which the other is involved as an employee of the district. Relators contend that the holding of the two offices or positions by this single entity is the equivalent of the holding of such by one individual.

At one time at common law, a husband and wife were possibly such a single entity, both legally and practically, as to warrant this conclusion. Such is not true today.

Article 6, § 1, Wyoming Constitution, provides:

"* * * Both male and female citizens of this state shall equally enjoy all civil, political and religious rights and privileges."

Statehood was in 1890. In 1977 the legislature enacted laws to grant to married persons the right to keep and maintain separate property, including all "rents, issues, increase and profits thereof," and to make contracts and incur obligations and liabilities as if they were unmarried. See §§ 20–1–201 and 20–1–202, W.S.1977. Similar provisions have been in Wyoming law since territorial times. Section 1558, et seq., W.R.S. (1887).

As a general rule, a person's separate estate includes business, trade and earnings. In assessing the effects of the predecessor to §§ 20–1–201 and 20–1–202 (which applied only to married women) we said in 1956:

"* * * The wife has been given the right to control her own property. Her disability to do so has been swept aside. Logic and reason tells us that this should apply throughout and to every kind of property she has. * * * " *Ward Terry and Company v. Hensen,* 75 Wyo. 444, 297 P.2d 213, 216 (1956).

See 41 Am.Jur.2d, Husband and Wife, § 30, p. 45.

A majority of the courts have held that family relationship, without more, does not disqualify an officer from acting on a matter involving the relative. See cases in Annotation at 74 A.L.R. 792 and A.L.R. Blue Book of Supplemental Decisions. *People v. Simpkins,* 45 Ill.App.3d 202, 3 Ill.Dec. 969, 359 N.E.2d 828 (1977) is a recent example of this holding.

We are also mindful of the practical aspects of the problem. Regardless of the criticism of nepotism and of tandem employment of relatives, a difficult decision is always presented as to where the line is to be drawn—at spouses, or parents and children, or brothers and sisters, etc. Some families are extremely close unto two or three degrees of kindred. Some are to the contrary. During the most recent two or three decades, there has been increasing involvement of both husband and wife in bread-winning activities. There are those today who will legally break a marriage, but continue it in fact—or not enter into it legally in the first instance—for the purpose of gaining or maintaining a pecuniary advantage that does not exist for a married couple. The legal position of the courts on the proposition before us is dictated, at least in part, by the practical aspects of it.

Accordingly, we cannot sustain the trial court in applying the remedy of quo warranto in this case on the basis of incompatibility of office or position.

Reversed with direction to reinstate defendants to their offices as trustees of the school district.