**In re Glenn Allen DUNCAN, Debtor.**

**Tracy Lynne Zubrod, Trustee, Appellant,**

v.

**Glenn Allen Duncan, Appellee.**

BAP No. WY–01–042.
Bankruptcy No. 98–20313.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Jan. 3, 2002.

James R. Belcher of Holland & Hart, LLP, Cheyenne, WY, for Appellant.

The Appellee did not appear or file a brief.

Before BOULDEN, CORNISH, and KRIEGER, Bankruptcy Judges.

## OPINION

BOULDEN, Bankruptcy Judge.

Tracy L. Zubrod, the Chapter 7 trustee (Trustee), appeals an "Order on Debtor's Motion for Turnover of Homestead Exemption Proceeds" (Order) entered by the United States Bankruptcy Court for the District of Wyoming. The Order required the Trustee to turn over $10,000 to Glen

Allen Duncan (the Debtor) pursuant to the Debtor's homestead exemption in his residence located in Laramie, Wyoming (Property) claimed under Wyo. Stat. Ann. §§ 1–20–101 and 1–20–102(a)(b). The Trustee asserts that the Debtor is not entitled under 11 U.S.C. § 522(g)(1)(A) [1] to claim a homestead exemption in the Property because she avoided the Debtor's transfer of the Property to himself and his spouse, Deborah Sue Duncan (Duncan), as tenants by the entireties in a fraudulent transfer action. For the reasons set forth below, we affirm the bankruptcy court.

## I. Background

In 1993 the Debtor, an attorney, purchased the Property, acquiring a fee interest in his name only. In 1994, the Debtor transferred title to the Property to himself and Duncan as tenants by the entireties (1994 Transfer). The Property was used by the Debtor and Duncan as their residence, and also as the business location of the Debtor's law practice.

On March 12, 1998, the Debtor filed a Chapter 7 petition *pro se.* Duncan is not a debtor in the Debtor's Chapter 7 case. The Debtor's Schedule A discloses that he holds an interest in the Property with Duncan as a tenant by the entirety. The Property is listed as having a market value of $200,000, and a secured claim against it in the amount of $95,117.94. In the Debtor's Schedule C, he claimed a homestead exemption under Wyo. Stat. Ann. §§ 1–20–101 and 1–20–102(a) and (b) in the amount of $10,000. [2] No party objected to the Debtor's claimed exemption.

The Trustee commenced an adversary proceeding against the Debtor and Duncan

1. Unless otherwise stated, all future statutory references are to title 11 of the United States Code.

2. The Debtor also claimed an exemption for $200,000 based on the fact that he and Duncan owned the Property as tenants by the entireties. This claimed exemption is not at issue in this appeal.

(collectively, the Defendants), seeking to avoid the Debtor's 1994 Transfer to Duncan as a fraudulent transfer under § 544(b) and Wyo. Stat. Ann. §§ 34–14–101 through 34–12–113. On cross motions for summary judgment, the bankruptcy court entered a judgment in favor of the Trustee avoiding the Debtor's 1994 Transfer to Duncan (Fraudulent Transfer Judgment). The Defendants appealed the Fraudulent Transfer Judgment, but that appeal was voluntarily dismissed.

The Trustee filed a notice of intent to sell the Property and a motion seeking approval to conduct the sale. The Debtor then moved for turnover of his homestead proceeds at the conclusion of the Trustee's Property sale (Turnover Motion). In the Turnover Motion, the Debtor did not contest the Property sale, but rather argued that he was entitled to the first $10,000 of sale proceeds under § 522(b) and Wyo. Stat. Ann. §§ 1–20–101 and 1–20–102 on account of his valid, uncontested homestead exemption. The Trustee objected to the Turnover Motion, stating that the Debtor was not entitled to a homestead exemption under § 522(g)(1) as a result of the Fraudulent Conveyance Judgment. The Debtor responded by objecting to the Property sale to the extent that the Trustee failed to pay the Debtor $10,000 for his homestead exemption. The bankruptcy court ultimately authorized the sale of the Property, and the parties agreed that approximately $45,000 of net proceeds would be held pending the outcome of the Turnover Motion. After a hearing, the court issued its Order granting the Debtor's Turnover Motion and requiring the Trustee to disburse the homestead exemption proceeds in the amount of $10,000 to the Debtor. This appeal followed.

## II. *Appellate Jurisdiction and Standard of Review*

Upon independent review, we conclude that the Court has jurisdiction over this appeal. The Trustee timely filed a notice of appeal from the bankruptcy court's final Order, and the parties have consented to this Court's jurisdiction over the appeal inasmuch as they did not elect to have the appeal heard by the United States District Court for the District of Wyoming. *See* 28 U.S.C. §§ 158(a)(1) & (c)(1); Fed. R. Bankr.P. 8001(a) & 8002(a); 10th Cir. BAP L.R. 8001–1.

■ It is well-settled that: "For purposes of standard of review, decisions by judges are traditionally divided into three categories, denominated questions of law (reviewable de novo), questions of fact (reviewable for clear error), and matters of discretion (reviewable for 'abuse of discretion')." *Pierce v. Underwood,* 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). The Trustee does not dispute the bankruptcy court's findings of fact in this case, but rather only questions the proper application of § 522(g)(1). Thus, we will review this matter *de novo.* In conducting a *de novo* review, we will independently determine the issues, giving no special weight to the decision under review. *Salve Regina College v. Russell,* 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991); *United States v. First City Nat'l Bank,* 386 U.S. 361, 368, 87 S.Ct. 1088, 18 L.Ed.2d 151 (1967).

## III. *Discussion*

■ The bankruptcy court held that § 522(g)(1) does not prohibit the Debtor's exemption. For the reasons set forth below, we agree.

Section 522(g) provides:

Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section *property that the trustee recovers* under section … 550 … of this title, to the extent

that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property[.]

11 U.S.C. § 522(g)(1) (emphasis added).

While it would appear that § 522(g)(1) operates to bar the Debtor's claimed exemption in the Property due to the Fraudulent Transfer Judgment and the Debtor's admission that the 1994 Transfer to Duncan was voluntary,[3] a closer examination reveals that it does not, because his exemption is not claimed in property that the Trustee "recovered" under § 550. As set forth below, the Trustee's Fraudulent Transfer Judgment avoiding the 1994 Transfer that created a tenancy by the entireties in the Property between the Debtor and Duncan, resulted in a recovery of property from Duncan alone. This being the case, § 522(g)(1) has no application to the exemption claimed by the Debtor in the Property, and the Debtor is entitled to his exemption, which was not otherwise timely objected to by the Trustee.

■ Prior to the 1994 Transfer, the Debtor was the sole owner of the Property. The 1994 Transfer resulted in the Debtor and Duncan's joint ownership of the Property as tenants by the entireties. A tenancy by the entireties is a form of joint ownership that can exist only be-

tween a husband and wife under which each spouse holds an "undivided" interest in the whole of a property so that upon the death of one spouse the entire property belongs to surviving spouse. *Ward Terry & Co. v. Hensen*, 75 Wyo. 444, 297 P.2d 213, 214–15 (1956). Thus, after the 1994 Transfer, the Debtor held an undivided interest in the whole of the Property, and Duncan owned an undivided interest in the whole of the Property. When the Debtor filed Chapter 7, his undivided interest in the Property passed to the estate, subject to exemption under § 522, and Duncan continued to hold a separate, undivided interest in the Property. *See* discussion *infra*. The Trustee's avoidance of the 1994 Transfer by way of the Fraudulent Transfer Judgment did not affect the Debtor's undivided interest in the Property, but rather resulted in an avoidance and recovery of Duncan's undivided interest in the Property for the benefit of the estate.

Duncan's separate, undivided interest being the only property recovered by the Trustee pursuant to § 550, § 522(g)(1) does not apply to the Debtor's equally separate, undivided interest in the Property. Accordingly, there are no bars to the Debtor's claimed exemption in his separate, undivided interest in the Property.[4]

The Trustee maintains that because property held by a husband and wife as tenants by the entireties is an "undivided" interest under Wyoming law, there can be no recognition of the Debtor and Duncan's separate interests in the Property. Thus, according to the Trustee, when she avoid-

---

3. *See Redmond v. Tuttle*, 698 F.2d 414, 417 (10th Cir.1983) ("Property fraudulently transferred out of an estate and later recovered by the trustee cannot then be exempted by the debtor. Indeed, the transfer need only be voluntary, not just fraudulent, to preclude exemption.").

4. As the bankruptcy court correctly stated: "the transfer avoided by the trustee did not include the rights of ownership and possession to which the homestead exemption attaches, interest in property [the Debtor] enjoyed on the date he filed the bankruptcy petition. The homestead exemption is [thus] valid in those rights." Order at 5, *in* Appellant's Appendix at 57.

ed the 1994 Transfer there was only one interest that was recovered. We decline to adopt this argument under our reading of bankruptcy law and Wyoming law.

When the Debtor filed his Chapter 7 case, an estate was created comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In the seminal case of *In re Ford*, 3 B.R. 559 (Bankr.D.Md.1980) (en banc), *aff'd sub nom Greenblatt v. Ford*, 638 F.2d 14 (4th Cir.1981), followed by the great majority of jurisdictions, including the District of Wyoming, it has been established that a debtor's interest in property as a tenant by the entireties is property of the estate. *In re Wenande*, 107 B.R. 770, 774 (Bankr. D.Wyo.1989); *In re Anselmi*, 52 B.R. 479, 483 (Bankr.D.Wyo.1985); *see Fairfield v. United States (In re Ballard)*, 65 F.3d 367, 371 (4th Cir.1995) (recognizing this point as a "general rule"); *In re Garner*, 952 F.2d 232, 234 (8th Cir.1991) (same); *Liberty State Bank & Trust v. Grosslight (In re Grosslight)*, 757 F.2d 773, 775 (6th Cir. 1985) (same and citing cases); *but see In re Lambert*, 34 B.R. 41 (Bankr.D.Colo. 1983) (joint tenancy is severed upon bankruptcy filing, and estate is comprised of one-half interest in property; *Ford* distinguished and criticized); *In re Jeffers*, 3 B.R. 49, 56 (Bankr.N.D.Ind.1980).[5] As carefully analyzed in *Ford*, 3 B.R. at 564–71, the purpose of and legislative history to § 541(a)(1) make clear that the debtor's separate, yet undivided interest in the tenants by the entireties property passes to the estate. The nondebtor-tenant-spouse also retains an undivided interest in the property postpetition. *Cf.* 11 U.S.C. § 363(h)(2) (recognizing that the estate holds an undivided interest in property

held in a tenancy by the entirety, and the co-owner has an undivided interest). Thus, creditors of a single spouse continue to be barred from exercising their rights in bankruptcy against property held in the entireties. *See, e.g., Wenande*, 107 B.R. at 774 (citing *Peters v. Dona*, 49 Wyo. 306, 54 P.2d 817 (1936), for the rule that "[e]ntireties property is not exempt from process under Wyoming law from claims against both spouses."); *Anselmi*, 52 B.R. at 484–85. This line of case law makes clear that although there is an undivided interest in entireties property, each spouse holds a separate undivided interest in the whole, and when one tenant files a bankruptcy petition, that separate interest passes to the bankruptcy estate. This separate interest may be administered by the trustee to the extent that there are joint claims against the debtor and the nondebtor spouse. *Wenande*, 107 B.R. at 774.

Recognizing undivided, yet separate interests in property held by a husband and wife as tenants by the entireties is consistent with Wyoming law. In *Ward Terry & Co.*, 297 P.2d at 213, the Wyoming Supreme Court recognized tenancies by the entireties under Wyoming law. In so doing, the court stated:

"An estate by the entireties is the estate created at common law by a conveyance or devise of property to husband and wife. Under such a conveyance or devise husband and wife, by reason of their legal unity by marriage, take the whole estate as a single person with the right of survivorship as an incident thereto, so that if one dies, the entire estate belongs to the other by virtue of the title originally vested." 26 Am.Jur. § 66, p. 692.

---

**5.** The United States Court of Appeals for the Tenth Circuit has not ruled on the issue presented herein.

"An estate by the entireties involves the unities of time, title, interest, and possession, as well as the husband and wife unity of ownership." 26 Am.Jur.´ § 71, p. 698.

Entirety in this connection means indivisibility. The estate is owned not by one but by both as an indivisible entity and has the characteristics of a joint tenancy by reason of the fact that the survivor takes all. But the estates differ in the fact that joint tenants may divide the estate, but tenants by the entirety cannot do so except by the joint act of husband and wife.

*Id.* at 214–15. The court went on to state that although common law allowed the husband-tenant the right to control and possess property held with his spouse as a tenant by the entirety, Wyoming's constitution and statutory provisions gave women individual rights. While some states had abolished tenancy by the entireties based on similar provisions, the court concluded that Wyoming had not done so, commenting:

A number of cases hold that a woman's interest in property held by her and her husband by the entirety is her separate property within the meaning of the statutes giving her control of her property. 41 C.J.S., Husband and Wife § 34, p. 465, note 69. But whether that is correct or not, it is at least certain that under statutes like ours, the husband does not control property owned by her alone. His common-law right has been taken away at least to that extent. The wife has been given the right to control her own property. Her disability to do so has been swept aside. Logic and reason tell us that this should apply throughout and to every kind of property she has. *She has an interest in property held by her and her husband by the entirety,* and to say that she has

no part in the control of the latter would be rather anomalous and contrary to the spirit if not the letter of our constitutional and statutory provisions heretofore cited.

*Id.* at 216 (emphasis added). Based on this reasoning, the court concluded that a tenant-wife holds a separate, yet undivided right in rents and profits produced by property held with her spouse as a tenant by the entireties. *Id.* at 218–20; *see generally Tader v. Tader,* 737 P.2d 1065, 1068–69 (Wyo.1987) (abrogating the interspousal immunity doctrine in Wyoming, the court cited numerous cases, outside the property law context, concluding that modern jurisprudence does not support the treatment of husband and wife as a single undivided unit).

This law and other attributes of a tenancy by the entirety in Wyoming demonstrate that although tenants by the entirety hold an "undivided" interest in the whole of the property, each tenant holds separate, individual property rights in the property. Specifically, each tenant has individual survivorship rights, *Wambeke v. Hopkin,* 372 P.2d 470, 473 (Wyo.1962), each has a right to the whole of the property, unencumbered by the individual debts of the co-tenant, *Colorado Nat'l Bank v. Miles,* 711 P.2d 390, 393–94 (Wyo. 1985); *Witzel v. Witzel,* 386 P.2d 103, 107 (Wyo.1963); *Wambeke,* 372 P.2d at 474; *Amick v. Elwood,* 77 Wyo. 269, 314 P.2d 944, 947 (1957), each has a right of possession and control of the property, *Ward, Terry & Co.,* 297 P.2d at 216, each has a right to profits and rents generated by the property, *id.* at 216–17, and each has individual homestead rights in the jointly held property, Wyo. Stat. Ann. § 1–20–102(b) (when two or more people jointly own a homestead, "each shall be entitled to the [$10,000] homestead exemption"); *Wambeke,* 372 P.2d at 474 (ruling that homestead attaches to tenancy by the entirety

property). These rights cannot be modified or terminated by the individual acts of either tenant, such as by one tenant filing a bankruptcy petition, because termination of a tenancy by the entirety is only effected by joint conveyance or "by operation of law, *e.g.,* by divorce." *Wambeke,* 372 P.2d at 474.[6]

Accordingly, for the reasons stated, the bankruptcy court did not err in holding that § 522(g)(1) is inapplicable in this case. It is undisputed that the Debtor claimed the Property as exempt under § 522(b)(1)(A) and Wyo. Stat. Ann. §§ 1–20–101 & 1–20–102, and that the Trustee did not object to the claimed exemptions within the time stated in Fed. R. Bankr.P. 4003(b). The Debtor, therefore, is entitled to his claimed exemption of $10,000. 11 U.S.C. § 522(*l*);[7] *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).[8]

### IV. *Conclusion*

For the reasons stated above, the Order of the bankruptcy court is AFFIRMED.

---

**6.** That the Debtor's bankruptcy filing did not terminate the tenancy by the entirety by operation of law is supported by the analysis in *Ford,* 3 B.R. at 570–71. The Fraudulent Transfer Judgment may have terminated the Debtor and Duncan's tenancy by the entirety by operation of law, but we need not decide that issue, because the termination of the tenancy would not have bearing on the Debtor's exemption rights in the Property under § 522(g)(1).

**7.** This section requires a debtor or a dependent of the debtor to file a list of property that the debtor claims as exempt. It also states that: "Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(*l*).

**8.** We are not holding that the Trustee's objection to the Debtor's exemption under § 522(g)(1) was barred as untimely. We are merely stating that since § 522(g)(1) does not apply in this case, the Debtor's otherwise unopposed claimed exemption stands.