In re Glenn Allen DUNCAN, Debtor.

Deborah Sue Duncan, Appellant,

v.

Tracy Lynne Zubrod, Trustee, Appellee.

BAP No. WY–02–057.
Bankruptcy No. 98–20313.

United States Bankruptcy Appellate Panel
of the Tenth Circuit.

June 17, 2003.

**340**

Georg Jensen of Law Offices of Georg Jensen, Cheyenne, Wyoming, for Appellant.

James R. Belcher, P.C. of Holland & Hart, LLP, Cheyenne, Wyoming, for Appellee.

Before BOULDEN, MICHAEL, and BROWN,[1] Bankruptcy Judges.

1. The Honorable Elizabeth E. Brown, United States Bankruptcy Judge for the District of

OPINION

MICHAEL, Bankruptcy Judge.

In this appeal, we are asked to decide whether the bankruptcy court erred in ruling that the spouse of a Chapter 7 debtor was not entitled to claim a homestead exemption in property in which she resided, but had no ownership interest, on the date the bankruptcy case was filed. The lower court determined that, under the laws of the state of Wyoming, debtor's spouse was not entitled to such an exemption. Finding no error, we affirm.

## I. Background

The dispute in this case revolves around a residence located at 1413 Baker Street, Laramie, Wyoming (the "Residence"). Glenn Allen Duncan ("Debtor" or "Mr. Duncan") acquired the Residence in June 1993, taking title in his own name. Shortly thereafter, he married Deborah Sue Duncan ("Ms. Duncan"). At all times from 1993 until their divorce in February of 2000, Mr. Duncan and Ms. Duncan inhabited the Residence. In July of 1994, Mr. Duncan executed a deed in which he conveyed the Residence from himself to himself and Ms. Duncan as tenants by the entirety (the "Conveyance").

Debtor filed an original petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Wyoming on March 12, 1998. Shortly after the case was filed, Tracy Lynne Zubrod ("Trustee" or "Ms. Zubrod") was appointed to serve as trustee. In his original Schedule C, Debtor claimed a $10,000 homestead exemption in the Residence, and also sought to claim all remaining equity in the Residence as exempt due to the fact that it was

Colorado, sitting by designation.

held by Debtor and Ms. Duncan as tenants by the entirety.[2] In order to recover all equity in the Residence for the benefit of the estate, Ms. Zubrod filed an adversary proceeding against Mr. Duncan and Ms. Duncan to set aside the Conveyance as a fraudulent transfer. Ms. Zubrod was successful; the bankruptcy court set aside the Conveyance. In avoiding the Conveyance, the bankruptcy court decreed that "title [to the Residence] shall vest in the bankruptcy estate of Glenn Allen Duncan pursuant to 11 U.S.C. § 554(b)(1)."[3] The order setting aside the Conveyance is now final and non-appealable.

In 2001, the Trustee sold the Residence. She remains in possession of the net proceeds of sale. Mr. Duncan has claimed a homestead exemption in $10,000.00 of the proceeds of sale of the Residence. The Trustee objected to this claim of exemption on the basis that, due to Mr. Duncan's fraudulent transfer of the Residence to himself and Ms. Duncan, he was precluded from claiming an exemption under § 522(g). The bankruptcy court overruled the Trustee's objection and allowed the claim of exemption. This decision was affirmed by the Bankruptcy Appellate Panel.[4] That decision was appealed to the United States Court of Appeals for the Tenth Circuit. On May 29, 2003, that court entered its order reversing the decision of the Bankruptcy Appellate Panel, and denied the claim of exemption made by Mr. Duncan.[5]

In June of 2002, Ms. Duncan filed a pleading entitled "Amendment and Supplemental Schedule C," in which she attempted to assert her own separate homestead exemption in $10,000.00 of the proceeds of sale of the Residence. The Trustee objected to Ms. Duncan's claim of exemption on both procedural and substantive grounds. On July 11, 2002, the bankruptcy court held a hearing on the Trustee's objection, and, on July 22, 2002, entered its order denying the claim of exemption. In its ruling, the bankruptcy court reached the merits of Ms. Duncan's claim, and held that: (1) a non-debtor has no right to claim an exemption from property of the bankruptcy estate; and (2) under Wyoming law, some sort of ownership interest is required in order to claim a homestead exemption. This appeal followed.

## II. Jurisdiction

■■■ This Court has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[6] Neither party elected to have this appeal heard by the United States District Court for the District of Wyoming; thus they have consented to our review. A decision is considered final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."[7] An order that

---

**2.** In support of this exemption claim, Debtor relied upon a 1956 decision of the Wyoming Supreme Court, *Ward Terry & Co. v. Hensen,* 75 Wyo. 444, 297 P.2d 213 (1956). This "blanket" claim of exemption was disallowed by the bankruptcy court for reasons not germane to this appeal.

**3.** *Appellee's Supp.App.* at 25.

**4.** *See Zubrod v. Duncan (In re Duncan),* 271 B.R. 196 (10th Cir. BAP 2002), *rev'd,* 329 F.3d 1195 (10th Cir.2003).

**5.** *See Zubrod v. Duncan (In re Duncan),* 329 F.3d 1195 (10th Cir.2003).

**6.** 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr.P. 8001; 10th Cir. BAP L.R. 8001–1.

**7.** *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945)).

grants or denies an exemption is a final order for purposes of appeal.[8]

## III. Standard of Review

■■■ The bankruptcy court's interpretation of a statute is a question of law that we review *de novo*.[9] When reviewing questions of law *de novo*, the appellate court is not constrained by the trial court's conclusions, and may affirm the trial court on any legal ground supported by the record.[10]

## IV. Discussion

■■■ Pursuant to § 522 of the Bankruptcy Code, a Chapter 7 debtor may exempt certain property from the bankruptcy estate and place it beyond the reach of creditors, while non-exempt property becomes part of the bankruptcy estate.[11] Wyoming has chosen to opt out of the federal exemption scheme, limiting the exemptions available in bankruptcy cases to those allowed under state law.[12] Under Wyoming law, "[e]very resident of the state is entitled to a homestead not exceeding ten thousand dollars ($10,000.00) in value, exempt from execution and attachment arising from any debt, contract or civil obligation entered into or incurred."[13] The Wyoming statutory framework goes on to provide that

(a) The homestead is only exempt as provided in W.S. 1–20–101 while occupied as such by the owner or the person entitled thereto, or his or her family.

(b) When two (2) or more persons jointly own and occupy the same residence, each shall be entitled to the homestead exemption.[14]

This statute was enacted in its present form in 1983. Since that date, the only reported decision is *In re Johnson,* a bankruptcy court decision.[15] In *Johnson,* the debtor/husband filed a petition for relief under Chapter 7 of the Bankruptcy Code. Both the debtor and his non-debtor wife sought to claim separate exemptions in a homestead located in Jackson, Wyoming. The bankruptcy court denied the wife's exemption, noting that

In this case, Mrs. Johnson's exemption fails under Wyoming law. Wyoming Statute § 1–20–102(b) states: "When two (2) or more persons jointly own and occupy the same residence, each shall be entitled to the homestead exemption." Thus, Wyoming permits two (2) persons to aggregate two (2) exemptions in one (1) property under the specific conditions of occupancy *and* ownership.

Mrs. Johnson has no ownership interest in the residence, and in fact testified that she owned no real property.[16]

The Wyoming Supreme Court has consistently held that "[i]f a statute is clear and unambiguous, we simply give effect to its

---

**8.** *See In re Zibman,* 268 F.3d 298, 301 (5th Cir.2001).

**9.** *See In re Gledhill,* 164 F.3d 1338, 1340 (10th Cir.1999).

**10.** *See Wolfgang v. Mid–America Motorsports, Inc.,* 111 F.3d 1515, 1524 (10th Cir.1997).

**11.** *See* 11 U.S.C. § 522(*l*). Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

**12.** *See* Wyo. Stat. Ann. § 1–20–109 (Michie 2002).

**13.** Wyo. Stat. Ann. § 1–20–101 (Michie 2002).

**14.** Wyo. Stat. Ann. § 1–20–102 (Michie 2002).

**15.** 184 B.R. 141 (Bankr.D.Wyo.1995).

**16.** *Id.* at 146.

plain meaning."[17] The requirement in Wyo. Stat. § 1–20–102(b) with respect to ownership could not be more clearly stated. We are not at liberty to ignore the plain language contained in the statute.[18]

In this case, the bankruptcy court has previously entered its judgment setting aside the Conveyance, and ruled that Ms. Duncan had no ownership interest in the Residence. That judgment is now final. This court agrees with the court below that, under Wyoming law, an ownership interest is a prerequisite to a claim of homestead exemption. On this basis alone, the decision of the lower court should be affirmed.

Ms. Duncan argues that "[t]he Wyoming Homestead Law is clearly based upon occupancy of the home rather than title, or ownership."[19] In support of her position, Ms. Duncan relies upon two decisions of the Wyoming Supreme Court. In each case, her reliance is misplaced. In *Altman v. Schuneman*,[20] at issue was the ability of a debtor to claim a homestead interest in land which he had conveyed to his wife.

In that case, the plaintiff affirmatively alleged that the property at issue was homestead property; later, when the plaintiff sought to alter his theory, the court refused to allow it.[21] Thus, the issue of the propriety of the homestead claim was not before the court in *Schuneman*. In the other case relied upon by Ms. Duncan, *State Bank of Wheatland v. Bagley Bros.*,[22] the issue was whether a mortgage on certain property titled in the name of the husband was valid against the joint claim of homestead by husband and wife due to the fact that the wife had not executed the mortgage.[23] In that case, the court recognized the claim of the husband as a valid exemption claim, and voided the mortgage. There was no issue before the court regarding the wife's ability to claim a separate or concurrent homestead exemption; indeed, Wyoming law had no provision for such a concurrent claim of exemption at the time of *Wheatland*.[24] It also bears noting that both *Altman* and *Wheatland* were decided well before the 1983 amendment to the homestead statute.

17. *Rodriguez v. Casey*, 50 P.3d 323, 326 (Wyo. 2002); *see also DeLoge v. State*, 55 P.3d 1233, 1237 (Wyo.2002); *Mathewson v. City of Cheyenne*, 61 P.3d 1229, 1232 (Wyo.2003).

18. *See In re Kwiecinski*, 245 B.R. 672, 675 (10th Cir. BAP 2000) (While " 'it should be borne in mind that exemption statutes are construed liberally so as to affect their beneficent purposes' . . . a court interpreting a statute is still limited by what the terms of the statute can fairly be said to embrace.") (citing and quoting from *Pellish Bros. v. Cooper*, 47 Wyo. 480, 38 P.2d 607, 609 (1934)).

19. *Brief of Appellant* at 5.

20. 39 Wyo. 414, 273 P. 173 (1929).

21. *See id.*, 273 P. at 174 ("Plaintiff in his affidavit initiating the levy and sale alleged that the property was the homestead of the defendants. He will not be permitted to take a contrary position after the levy and sale.").

22. 44 Wyo. 244, 11 P.2d 572 (1932).

23. Under Wyoming law in effect at the time of *Wheatland,* a mortgage against the homestead was "absolutely void" unless executed by both husband and wife. *See id.,* 11 P.2d at 584.

24. Under Wyoming law as it existed prior to 1983, only the "head of a family" was entitled to the claim of homestead exemption. *See, e.g.,* 1886 Wyo. Terr. Sess. Laws ch. 60, § 432, at 210 ("Every householder in the Territory of Wyoming, being the head of a family, shall be entitled to a homestead. . . ."); Wyo Stat. Ann. § 6028 (Mills Co.1920) ("Every householder in the state of Wyoming, being the head of a family, and every resident of the state who has reached the age of 60 years, whether the head of a family or otherwise, shall be entitled to a homestead. . . ."); Wyo Stat. Ann. § 89–2984 (Boyer 1931) (same); 1977 Sess. Laws. Ch. 21, § 1–21–101 (same).

We believe the bankruptcy court was equally correct in its ruling that "the Bankruptcy Code makes no provision for a non-debtor to claim an exemption from the estate." [25] Ms. Duncan appears to base her standing to claim the homestead exemption upon § 522(l), which provides that

> The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate *on behalf of the debtor.* Unless a party in interest objects, the property claimed as exempt on such list is exempt. [26]

In this case, Mr. Duncan filed his own list of claimed exemptions; accordingly, that portion of the statute allowing a non-debtor to file a list when the debtor has failed to file a list does not come into play. [27] Furthermore, Ms. Duncan is not attempting to claim a homestead exemption on behalf of the Debtor; she is asserting the claim in her own right. Absent an ownership interest in the Residence (which would not be property of the bankruptcy estate), she is not entitled to do so.

At oral argument, counsel for Ms. Duncan suggested that, at a minimum, this court consider a reversal and remand of the bankruptcy court's decision, which would require the bankruptcy court to allow a homestead exemption for the benefit of Ms. Duncan in the event the homestead exemption claimed by Mr. Duncan were disallowed by the United States Court of Appeals for the Tenth Circuit. The argument was somewhat prophetic, given the decision of the United States Court of Appeals for the Tenth Circuit. However, the argument was not raised in the court below or in any of the papers presented to this court. We will not consider an argument raised for the first time on appeal. [28] We offer no opinion as to whether Ms. Duncan may now raise this argument to the bankruptcy court.

## V. Conclusion

The decision of the bankruptcy court is affirmed.

**25.** *Appellee's Supp.App.* at 35.

**26.** § 522(l) (emphasis added).

**27.** *See Kapila v. Morgan (In re Morgan),* 286 B.R. 678, 683–84 (Bankr.E.D.Wis.2002) (refusing to allow non-debtor spouse to file list of claimed exemptions where debtor-husband has filed list. "Since the right [to file a list of claimed exemptions] is his alone, she may not supplement that list, even if she disagrees with his choices.").

**28.** *See McDonald v. Kinder–Morgan, Inc.,* 287 F.3d 992, 999 (10th Cir.2002) ("It is clear in this circuit that absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").