INZER, Justice:
This is an appeal by Mrs. Roy Leach and her husband, Roy Leach, from a judgment of the Circuit Court of Winston County wherein that court directed a verdict for appellee, Lamar Frazier, doing business as Frazier’s Feed Mill. We reverse and remand.
On July 14, 1964, appellee obtained a judgment against Roy Leach in the amount of $1,545.55. On March 2, 1967, appellee filed a suggestion of garnishment wherein it was alleged that LuVel Dairy Products, Inc. was indebted to Roy Leach or had property belonging to him in its possession. LuVel filed a declaration of interpleader wherein it answered and said that it held funds in the total amount of $1,545.48 that belonged to either Roy Leach or Mrs. Roy Leach, but it was unable to determine which one was the owner of these funds. Mr. and Mrs. Leach answered the inter-pleader and denied that Roy Leach had any interest in the money paid into the court by LuVel and alleged that the money was the property of Mrs. Leach. Appellee answered the interpleader and took issue with the contention of Mr. and Mrs. Leach that the funds were'the property of Mrs. Leach. It alleged that the money in question was the property of Roy Leach and that the money represented proceeds from the sale of milk produced by a dairy owned and operated by Roy Leach. The answer admitted that it had no judgment against Mrs. Leach but alleged she had nothing to do with the operation of the dairy which was located on land jointly owned by Mr. and Mrs. Leach.
Appellee assumed the burden of proving the money was the property of Roy Leach and introduced evidence which tended to show Roy Leach was the owner and operator of the dairy which produced the milk that was sold to LuVel. The evidence established that for a time prior to the judgment LuVel issued checks payable to Roy Leach for- the milk they purchased. After the date of the judgment the checks were issued to Mrs. Leach. It was established that prior to the date of the judgment Roy Leach claimed to be the owner and operator of the dairy. The debt upon which the judgment was obtained was for feed sold to Roy Leach to be used in the dairy operation.
Mrs. Leach testified that she was the owner of the cows and equipment used to produce the milk sold to LuVel. She stated that when she started in the Grade A dairy business she applied for and received from the State Board of Health a permit in her name to operate this type of dairy. She denied that Roy Leach owned any interest in the dairy, but admitted that he owned one-half interest in the 160 acres of land on which the dairy was located and upon which the parties lived. She testified that she did not know why LuVel issued checks to her husband for a time prior to the judgment but that she never authorized them to do so. She denied that she authorized her husband to buy the feed which resulted in the judgment, but admitted that her cows probably ate some of the feed. Her testimony' was corroborated by showing that in 1958 when the dairy began its operation that a certificate was issued to her by the Mississippi State Board of Health to operate the dairy and she also had milk receipts showing that she had been paid for the milk for a time after the operation started.
 It was from this conflicting evidence that the court granted a directed verdict. In determining whether this action *255 on the part of the trial court was correct, we must apply the rule that the trial court should have applied. We have stated the rule so many times that citations of authority for the rule would serve no useful purpose. The rule is that in determining whether the party is entitled to a directed verdict, the court must look solely to the testimony on behalf of the party against whom the directed verdict is requested and take that testimony, as, true along, with all the reasonable inferences which could be drawn therefrom favorable to the party. When we consider the testimony as reflected by the record in this case, in the light of this rule, it is apparent that it was a question for the jury to determine whether the funds belonged to Mrs. Leach or her husband. It follows that it was error for the trial court to grant a directed verdict in this case.
Appellee urges that the proof in this case shows that this was actually a joint enterprise or a partnership operation by Mr. and Mrs. Leach and for this reason the action of the trial court should be upheld. In the first place this contention was not raised in the pleading and even if such contention had been made, it still would be a question for the jury to determine from the evidence. In order for such a contention to support a directed verdict it would have to be proved solely by the evidence offered by the party against whom the motion was requested, in this case Mrs. Leach.
Inasmuch as this case must be retried, there is one other issue raised by the answer of appellants that should be determined. It is contended by appellants that these funds are exempt under the provisions of Section 307, Mississippi Code 1942 Annotated (1956) which section exempts “[t]he wages, salaries, or other compensation of laborers or employees, residents of this state, for personal services in an amount equal to seventy-five percent (75%) of such wages, salary or other compensation, due or to become due to such laborers * * The evidence establishes that the funds paid into court were for the purchase price of raw milk sold by either Roy Leach or Mrs. Roy Leach to LuVel Dairy Products, Inc. The Leaches were not employees of LuVel Dairy Products, Inc. and the funds were not for personal services. Therefore, Section 307 is not applicable to this situation and the trial court was correct in so holding.
For the reasons stated this case is reversed and remanded.
Reversed and remanded.
ETHRIDGE, C. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.