**In re George Richard DAVIS, Carolyn Delaine Davis, Debtors.**

**Bankruptcy No. 81–11015.**

United States Bankruptcy Court,
D. Maryland.

Dec. 10, 1981.

Martin Goozman, Laurel, Md., Trustee.

Warren C. White, for debtors.

## MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

This case came on for hearing on the Trustee's Objection to Debtors' Claim of Exemptions. The Trustee objected because the Debtors, who filed a petition under Chapter 7 of the Bankruptcy Code, failed to prove that they had attempted to arrange a repayment plan, in compliance with § 11–504(f) of the Courts and Judicial Proceedings Article of the Maryland Code. Section 11–504(f) states:

(f) Additional exemption; condition.—
(1) In addition to the exemptions provided in § 11–504(b) of this subtitle, and in

other statutes of this State, in any proceeding under Title 11 of the United States Code, entitled "Bankruptcy," any individual debtor domiciled in this State may exempt the debtor's aggregate interest, not to exceed $4,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, or in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence.

(2) As a condition to this exemption, the debtor shall show by a preponderance of the evidence that he has attempted to negotiate a repayment schedule with his creditors.

In the instant case, the Debtors attempted to claim the exemption of this section without proving that they had complied with the requirement of paragraph (2). This section places a condition precedent on what is generally called the homestead exemption. Paragraph (2) requires the debtor to attempt to repay his creditors, and prove that he has done so, before being permitted to claim the exemption.

This exemption is unconstitutional because it violates the Supremacy Clause of Article VI of the Constitution. It conflicts with a federal statutory scheme and it attempts to exercise power not granted to the states by Congress.

Article I, § 8 of the Constitution provides in relevant part that Congress shall have the power, "To establish .... uniform Laws on the subject of Bankruptcies throughout the United States." Congress has exercised that power through the enactment of the comprehensive Bankruptcy Code. Congress has delegated to the states the power to create bankruptcy exemptions and to reject the federal exemptions. 11 U.S.C. § 522(b) contains that delegation of authority. It provides:

(b) Notwithstanding Section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize;

(2)(A) any property that is exempt under Federal law other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing, or for a longer portion of such 180-day period than in any other place; . . . .

11 U.S.C. § 522(b).

The Maryland state legislature exercised the power to opt out of the federal exemptions and drafted the state exemptions that appear in § 11–504 of the Courts and Judicial Proceedings Article of the Maryland Code. Section 11–504 provides:

In any bankruptcy proceeding, a debtor is not entitled to the federal exemptions provided by § 522(d) of the United States bankruptcy code.

§ 11–504(g).

The Court, however, makes no ruling on the constitutionality of this opt-out provision as it is not at issue in the context of this proceeding.

Section 11–504(f)(2) of the Courts and Judicial Proceedings Article of the Maryland Code is unconstitutional because it interferes with federal bankruptcy legislation. Section 11–504(f)(2) places a condition on the homestead exemption, stating:

(2) As a condition to this exemption, the debtor shall show by a preponderance of the evidence that he has attempted to negotiate a repayment schedule with his creditors.

11–504(f)(2).

The first part of the section is proper because it merely defines the size of what is known as a homestead exemption. Part (2), however, establishes a precondition to the claiming of the exemption. The debtor must prove that he has attempted to negotiate a repayment schedule with his creditors.

This precondition conflicts with the Bankruptcy Code. When a debtor files a petition under Chapter 7 of the Bankruptcy Code,

he has made a decision that repayment of his creditors is not practical or warranted and, accordingly, any attempts "to negotiate a repayment schedule" are meaningless and of no legal effect. In fact, any attempted repayment of creditors within ninety (90) days of the date of filing his petition would be voidable as a preference under 11 U.S.C. § 547 unless all creditors were repaid fully. After the filing, the Chapter 7 debtor is unable to negotiate a repayment to creditors because all the property with which he could repay his debts has become property of the estate under 11 U.S.C. § 541. It is impossible, then, in a Chapter 7 case, to fulfill the precondition without violating the spirit and intent of the Bankruptcy Code.

In a Chapter 13 proceeding the Code sets the time limits and standards for court approval of a debtor's repayment plan. The evidentiary standard and timing of the repayment required by § 11–504(f) is clearly preempted by the specific standards articulated in Chapter 13 of the Code.

11 U.S.C. § 522(b) allows a state to determine what property will be exempt. The precondition is not a definition of exempt property; it is an act that a debtor must perform before he is allowed to claim property that will aid him to make a fresh start. Had Congress wished to impose such a requirement as a condition precedent to filing bankruptcy, it could have done so. It chose not to impose such a precondition on debtors, as to do so would conflict with the elaborate statutory framework of the Code which, in the context of Chapter 7 cases, provides for liquidation of all non-exempt property in order to satisfy creditors' claims. This provision of the Maryland law, therefore, exceeds the scope of 11 U.S.C. § 522(b) and provides a deterrent to an individual debtor's statutory right to file bankruptcy and *not* repay his creditors. The overall federal bankruptcy law emphasizes the importance of a "fresh start." *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess. 126, *reprinted in* (1978) U.S.Code Cong. & Ad.News 5787, 5963, 6087. Maryland has, through this statute, imposed a burden on the debtor that is not present under federal

law. It then penalizes the non-complying debtor by depriving him of one of the exemptions that forms part of the fresh start envisioned by Congress.

The recent Fourth Circuit case of *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir. 1981) addressed this problem of the relationship between the state exemptions and federal bankruptcy law. The Fourth Circuit quoted the legislative history of the relevant sections of the Bankruptcy Code, which provides in relevant part as follows:

> Recognizing, however, that circumstances do vary in different parts of the country, the bill permits the States to set exemption levels appropriate to the locale, and allows debtors to choose between the State exemptions and the Federal exemptions provided in the bill. Thus, the bill continues to recognize the States' interest in regulating credit within the States, but enunciates a bankruptcy policy favoring a fresh start . . . .

H.R.Rep.No.95–595, 95th Cong., 1st Sess. 126, *reprinted in* (1978) U.S.Code Cong. & Ad.News 5963, 6087.

The Fourth Circuit then stated that although 11 U.S.C. § 522(b) gives power to the states, "It does not follow, however, that the states should be left free to classify which bankrupt debtors should be entitled to exemptions when the classification conflicts with federal law." *Cheeseman v. Nachman*, 656 F.2d at 64. In effect, then the Fourth Circuit has held that because Congress has preempted the bankruptcy field under the grant of power in the Bankruptcy Clause of Article I, § 8 of the Constitution, a state exemption scheme is only valid to the extent that it does not conflict with the Bankruptcy Code.

Even if the statute did not conflict directly with the legislative scheme, it would be unconstitutional because it falls outside the bounds of the Congressional delegation of power. Any delegation of legislative authority must be contained within boundaries. Unbridled delegations of authority are antithetical to the separation of powers that is at the heart of the federal system.

*See Field v. Clark*, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294 (1892). Accordingly, the Supreme Court twice has struck impermissably broad grants of power by Congress. *Schechter Poultry Corp. v. United States*, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935); *Panama Refining Co. v. Ryan*, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446 (1935). Throughout the forty-five years since *Schechter Poultry* and *Panama Refining*, the Supreme Court has continuously reaffirmed the vitality of the nondelegation doctrine. Last term, the Court reviewed a statute empowering the Secretary of Labor to promulgate workplace health standards and said that if the government's interpretation of the statute were correct, the statute made such a "sweeping delegation of legislative power" that it would be unconstitutional under the rule of *Schechter Poultry* and *Panama Refining*. *Industrial Union Department v. American Petroleum Institute*, 448 U.S. 607, 646–647, 100 S.Ct. 2844, 2866, 65 L.Ed.2d 1010 (1980). Similarly, in this case, if the Maryland legislature's interpretation of the breadth of the delegation were correct, the statute would be unconstitutional.

Following the basic postulate of constitutional interpretation that a court avoids declaring a federal statute unconstitutional, *see Ashwander v. T. V. A.*, 297 U.S. 288, 346–48, 56 S.Ct. 466, 482–83, 80 L.Ed. 688 (1936) Brandeis, J., concurring), the Maryland legislature's broad interpretation of the statute is unconstitutional, because it is overbroad. Other bankruptcy courts have recognized that the grant of authority in 11 U.S.C. § 522(b) must be limited, not an unbridled grant of discretion. *See In re J. Kenneth Rhodes*, 14 B.R. 629, 8 B.C.D. 204, 206 (Bkrtcy.M.D.Tenn.1981) (declaring a section of the Tennessee state exemption unconstitutional).

If the Maryland legislature were allowed to impose this condition, any legislature could impose preconditions that would make the claiming of exemption virtually impossible, thereby giving the states substantive control of an area of the law that is constitutionally given to Congress.

It is, therefore, this 10th day of December, 1981, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That the Trustee's Objection to the Debtors' Claim of Exemptions is denied, because the statute upon which the exemption is based, § 11–504(f)(2) of the Courts and Judicial Proceedings Article of the Maryland Code, is unconstitutional.