In re Darrell Jay **GRIMES**, Debtor.

**Bankruptcy No. 81–11360.**

United States Bankruptcy Court,
D. Maryland.

Feb. 24, 1982.

Melvin Feldman, Rockville, Md., trustee.

Gregory Johnson, Milwaukee, Wis., for debtor.

## ORDER OVERRULING OBJECTION TO EXEMPTION

PAUL MANNES, Bankruptcy Judge.

This matter came on for hearing upon the Trustee's Objection to Homestead Exemption. Counsel for the parties presented oral argument thereon. The Trustee urges (1) that *Md.Code Ann.*, Courts and Judicial Proceedings § 11–504(f), does not apply to the Debtor's real property located in the State of Wisconsin; (2) that the Maryland statute does not apply to property located outside of Maryland, and (3) that the Debtor may not use this statute to exempt real property that he does not occupy. The subject property is occupied by the Debtor's former wife and minor children.

■ Were the property located in Maryland, the law of Maryland provides that the exemption could apply to real property used by the Debtor's dependent children. The pertinent provision of state law provides:

(f) *Additional exemption; condition.* —In addition to the exemptions provided in § 11–504(b) of this subtitle, and in other statutes of this State, in any proceeding under Title 11 of the United States Code, entitled "Bankruptcy," any individual debtor domiciled in this State may exempt the debtor's aggregate interest, not to exceed $4,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, or in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence. *Md.Code Ann.*, Courts and Judicial Proceedings, § 11–504(f)(1).

■■ The fact that the property is located in Wisconsin does not bar the exemption. Chapter 765 of the Laws of Maryland, enacted May 19, 1981, dealt both with changing the exemptions allowed under Md. Constitution III, § 44, and with specifically denying Maryland debtors the ability to elect the federal exemptions under 11 U.S.C. 522(d). The heading of Chapter 765 states it was enacted:

"FOR the purpose of altering the exemptions from execution on a judgment *and*

*in bankruptcy*; and prohibiting a debtor from electing the federal bankruptcy exemptions."

It is clear that the Maryland Legislature intended that the exemption deal both with exemptions from execution by Maryland court officials and with bankruptcy exemptions under the Bankruptcy Code. It chose not to impose geographical limitations. While this court has declared unconstitutional § 11–504(f)(2) of the Courts and Judicial Proceedings Article of the Maryland Code, § 11–504(f)(1) remains in effect. *In re Davis*, 16 B.R. 62, Bkrtcy.1981.

For the foregoing reasons, it is, this 24th day of February, 1982, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That the Trustee's objection to the "homestead exemption" is overruled.