**In re James E. SMITH, Jr. and Paula G. Smith, Debtors.**

**Bankruptcy No. 81-2-2852.**

United States Bankruptcy Court,
D. Maryland.

Oct. 15, 1982.

Domenic R. Iamele, and Ileen M. Ticer, Baltimore, Md., for debtors James and Paula Smith.

Robert D. Harwick, Jr., Baltimore, Md., for trustee Robert D. Harwick, Jr.

### ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPT PROPERTY

JAMES F. SCHNEIDER, Bankruptcy Judge.

The instant controversy arises from the Trustee's Objection to the Debtors' Claims

of Exempt Property [papers 5 and 9]. This case was held *sub curia* pending resolution of the constitutionality of the Maryland Exemption Statute, Courts and Judicial Proceedings, § 11–504, Annotated Code of Maryland (Supp.1982), in the test case of *In re Locarno,* 23 B.R. 622 (Bank.D.Md.1982). This Court held in *Locarno* that the Maryland exemptions are constitutional but that the State's manner of opting out of the federal bankruptcy exemptions is unconstitutional. There being no dispute as to the facts in this case and the legal issues being sufficiently delineated by the pleadings, the case was decided on the pleadings.

The trustee objected to the Debtors' claims of exemptions on three grounds:

1. The Trustee argues that the Debtors may not claim accrued but unpaid wages due them as of the date of filing as exempt under the Maryland garnishment law, Commercial Law, § 15–601.1 of the Annotated Code of Maryland (Supp.1982).

2. The Trustee argues that the Debtors' claim of exemptions exceeds the amount available under Maryland law.

3. The Trustee argues that the Debtors have failed to establish that they attempted to negotiate a repayment schedule with their creditors, as required by Courts and Judicial Proceedings, § 11–504(f)(2) before they may claim a homestead exemption.

### I

The Bankruptcy Code, 11 U.S.C. 101 *et seq.* (Supp. IV 1980), gives Debtors a choice of claiming federal exemptions under 11 U.S.C. § 522(d) or state exemptions, 11 U.S.C. § 522(b)(2)(A). If the Debtor chooses state exemptions, he or she may claim as exempt "any property that is exempt under Federal law other than subsection (d) of this section, or State or Local law that is applicable on the date of the filing of the petition ..." *Id.* The Debtors were not limited to merely the exemptions from execution in § 11–504 but may also claim exemptions on attachment in § 15–601.1, distress for rent exemptions in Real Property § 8–307, pension fund exemptions in Arti-

cle 73B, § 17, life insurance exemptions in Article 48A, § 385 and any other exemptions provided for by state statutory or common law. Maryland's homestead exemption itself indicates the General Assembly's appreciation of the breadth of state law incorporated into the Bankruptcy Code by § 522(b)(2)(A). The homestead exemption specifies that it is "(i)n addition to the exemptions provided in § 11–504(b) of this subtitle and *other statutes of the State* ..." § 11–504(f)(1) (emphasis added).

When accrued but unpaid wages are due to the Debtor at the time of the filing of the bankruptcy petition, it is only appropriate to apply the garnishment exemptions since they are designed for such relatively ephemeral and transitory property. The garnishment exemptions of § 15–601.1 also apply because a purpose of both bankruptcy exemptions and garnishment exemptions is to enable the debtor to provide for his or her family. Applying the garnishment exemption also furthers the Congressional purpose in enacting exemptions of "seeing that a debtor that [sic] goes through bankruptcy comes out with adequate possessions to begin his fresh start." H.Rep. No. 95–595, 95th Cong., 1st Sess. 126 (1977), U.S. Code Cong. & Admin.News 1978, pp. 5787, 6087.

The legislative history of § 522(b) indicates that Congress intended that the phrase "exempt under Federal law," 11 U.S.C. § 522(b)(2)(A) be given a wide reading, incorporating statutory exemptions for items ranging from veterans benefits to Social Security payments to wages of fishermen, seamen and apprentices. H.Rep. 95–595, 95th Cong. 1st Sess. 360. Exemptions under State law should be given an equally broad reading when it furthers the Congressional purpose of a fresh start, is appropriate for the type of property and is consistent with a literal reading of state law.

### II

Since this Court held in *Locarno* and *In re Davis,* 16 B.R. 62 (Bkrtcy.1981), that

Maryland's attempt to require debtors to negotiate repayment agreements with their creditors is unconstitutional, the Trustee's objection on the basis of Debtors' alleged failure to comply with the subsection is without merit.

### III

■ The Trustee's contention that the Debtors' claims of exemptions exceeded the amounts permitted by statute is apparently based on the $7,200 homestead exemption claimed by Mr. Smith and the $7,300 homestead exemption claimed by Mrs. Smith. The statute provides that each debtor may exempt his or her "aggregate interest, not to exceed $4,500 in value, in real or personal property that the debtor or a dependent of the debtor uses as a residence, ..." § 11–504(f)(1). But while each debtor's homestead exemption itself may not exceed $4,500, the debtor may effectively enlarge it by carrying over the unused portion of the $3,000 "cafeteria" exemption provided in § 11–504(b)(5). The latter subsection applies by its terms to "(p)roperty of any kind equivalent to $3,000 ...". § 11–504(b)(5) (Emphasis added). The Debtors indicated clearly on their Schedule B–4 [paper 5] that they were combining the two exemptions by citing both subsections, even though they labeled the claims as "homestead exemption(s)." Even if the claims based on the two subsections should have been separated, this Court, as a court of equity, will not disallow the claims on such a technical, insubstantial basis.

Therefore, it is this 15th day of October, 1982, by the United States Bankruptcy Court for the District of Maryland sitting at Baltimore

ORDERED that the Trustee's Objection to Debtors' Claim of Exempt Property be and the same is hereby OVERRULED.