James Albert COONES and Cindy Lee
Coones, f/k/a Cindy Lee Jones,
Appellants,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, Appellee.

No. 89–209.

Supreme Court of Wyoming.

Aug. 30, 1990.

Stephen R. Winship of Donald R. Winship & Associates, P.C., Casper, for appellants.

Thomas M. Hogan, Casper, Fredrick L. Fisch and Jeanne R. Lee, Denver, Colo., for appellee.

Before CARDINE, C.J.,[*] and THOMAS, URBIGKIT, MACY and GOLDEN, JJ.

URBIGKIT, Justice.

The United States District Court for the District of Wyoming certified to this court the following three questions which arose during a bankruptcy case. The stated questions, which involve the statutory interpretation of Wyoming's execution exemptions, are:

1. May a husband and wife each claim as exempt $2,000.00 of tools of trade under W.S. § 1–20–106(b) (for a total of $4,000.00) when both are involved in the same occupation.

2. May a rancher or farmer claim as exempt 75% of the proceeds derived from the sale of non-purchase money livestock under W.S. § 1–15–408.

3. May a rancher or farmer claim as exempt 75% of the value of the crops and livestock offspring planted or born after

* Chief Justice at time of oral argument.

the perfection of a security interest under W.S. § 1–15–408.

We answer "yes" to the first question and "no" to the last two questions.

### FACTS

Appellants were married to one another and engaged in a farming/ranching operation at the time they filed a petition in the United States Bankruptcy Court for the District of Wyoming under Chapter 11 of the Bankruptcy Code. Appellee Federal Deposit Insurance Corporation acts as a receiver and seeks to recover the collateral listed in a Security Agreement between appellants and Stockmen's Bank & Trust Company when appellants secured a loan from the bank. Pursuant to that petition, appellants each claimed $2,000 in value as a tools of trade exemption under W.S. 1–20–106(b) for a total of $4,000. They also claimed as exempt seventy-five percent of the value of personal service earnings from the sale of livestock born and crops planted after the Security Agreement. The United States Bankruptcy Court for the District of Wyoming denied those claimed exemptions and that decision was appealed to the United States District Court from which this certification is provided. Appellants argue *Lingle State Bank of Lingle v. Podolak*, 740 P.2d 392 (Wyo.1987) is materially relevant to the last two certified questions.

### DISPOSITION OF CERTIFIED QUESTIONS

1. Joint or Sole Exemption When Two Business Participants File a Joint Petition

The first certified question involves the statutory interpretation of W.S. 1–20–106(b) (June 1988 Replacement) as it relates to tools of trade exemptions:

> The tools, a motor vehicle, team, implements or stock in trade of *any person*, used and kept for the purpose of carrying on his trade or business, not exceeding in value two thousand dollars ($2,000.00), or the library, instruments and implements of any professional person, not exceeding in value two thousand

dollars ($2,000.00), are exempt from levy or sale upon execution, writ of attachment or any process out of any court in this state.

(Emphasis added.)

The United States Bankruptcy Court for the District of Wyoming decided, as appellee argues, that this statute permits only one exemption per business. This misinterprets the statute. The statute establishes an exemption for anyone and not only one exemption per enterprise. We see no difference between a husband and wife being jointly engaged in a farm operation and a husband being a farmer and the wife being a school teacher. With passage of the married women's statute in 1876, now found in part in W.S. 20–1–202, 34–1–108 and 34–1–109, a husband and wife are each entitled to equal consideration and separate identity. These provisions of the Wyoming statutes, although pre-dating statehood, are required by provision in Wyo. Const. art. 6, § 1 mandating both the right to vote and the right of equality to enjoy civil, political and religious freedoms. *See Coyne v. State ex rel. Thomas*, 595 P.2d 970 (Wyo. 1979) and *Ward Terry & Co. v. Hensen*, 75 Wyo. 444, 297 P.2d 213, 216 (1956).

We decline to interpret the statutory phrase "any person" to mean other than that *each* person is allowed such exemptions when such an exemption can be claimed. Statutes must be construed so no part is inoperative or superfluous. *Thomson v. Wyoming In–Stream Flow Committee*, 651 P.2d 778 (Wyo.1982). Consequently, we hold that *any* or *each* person engaged in a business enterprise is entitled to the statutory $2,000 tools of the trade levy or execution sale exemption whether or not each may be jointly engaged in the same business or enterprise.

2. Sale Proceeds From Crops and Livestock as a Personal Earning Exemption

The second and third certified questions can be answered by joint discussion. The argument made by appellants presents thoughtfulness and ingenuity. All litigants recognize that the statute

which was involved in *Podolak*, 740 P.2d 392 no longer exists and appellants now seek to apply the Wyoming garnishment statute broadly to create an execution exemption.[1]

Any definition of exemption is confined to statutory provisions. The general exemption statute, W.S. 1–20–101 through 1–20–110, does not provide any provision for earnings exemption. Appellants contend that a transferred application of the garnishment statute execution, W.S. 1–15–102, should provide a basis for holding contrary to the decision of the United States Bankruptcy Court for the District of Wyoming. Specifically, appellants contend that W.S. 1–15–408, Garnishment of Earnings for Personal Services, and the definition of earnings or earnings from personal services under W.S. 1–15–102(a)(vi) allow a rancher or farmer to claim a seventy-five percent exemption of proceeds from the sale of non-purchase money livestock and seventy-five percent of the value of crops planted and livestock born after the security interest was perfected.

*Podolak*, 740 P.2d 392 provides no precedent since the application in that case was one of garnishment and the defining statute was superceded by W.S. 1–15–102(a)(vi), which provides:

> "Earnings" or "earnings from personal services" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, proceeds of any pension or retirement benefits or deferred compensation plan or otherwise[.]

Appellants assert that the impact of 11 U.S.C. § 544, which provides a trustee for the estate with powers of a judgment creditor, inures to appellants as a debtor in possession under 11 U.S.C. § 1107. They argue the garnishment statute provides an execution limitation for bankruptcy cases.[2]

Appellants also argue the statutory phrase "or otherwise" moves the coverage beyond conventionally described earnings or earnings from personal service. *Podolak*, 740 P.2d 392, considered a prior statute broadly involving "earnings of the judgment debtor;" and, of course, the present statute as enacted by Wyo.Sess. Laws ch. 198, § 3 (1987) occurred before *Podolak* had been written. *See Podolak*, 740 P.2d at 394 n. 1. The original Wyoming statute discussed in *Podolak* was tied to earnings from personal service while the present statute redefines earnings or earnings from personal service as *compensation* paid or payable for personal services. We find from a comparison of the changed phraseology that the broadly based rules found in earlier Wyoming law were constricted by the 1987 definition which itemizes a character of identical rights, e.g., wages, salary, commission, bonus and proceeds of any pension or retirement benefit or deferred compensation plan. Statutes are entitled to a reasonable interpretation and we consider the character of benefits clearly defined within a wage and salary characterization. Profits and business earnings are outside the meaning of wage and salary. This interpretation gathers support from the garnishment statute provision which recognizes an obligation to pay as being different from profit or business earnings which involve a right to receive.

Appellants further contend that the word "otherwise" could suffice to provide entitlement for the broad character of rights found in *Podolak* to result from the prior statute. We cannot accept this thoughtful contention since its effect would be to disassociate the structure of the clause when relating to one character of exempt funds by adding an almost unlimited character of other funds which would have no particular validation within the constraints of a continuing wage garnishment statutory sys-

---

1. Wyoming has not elected to adopt the exemptions from property of the estates in bankruptcy provided in 11 U.S.C. § 522(d). *In re Anselmi*, 52 B.R. 479, 484 (D.Wyo.1985); W.S. 1–20–109; Wyo.Sess.Laws ch. 8, § 1 (1980).

2. Interesting authority can be found in the bankruptcy courts relating to unpaid wages and the effect of the garnishment statute exemption limitation for bankruptcy exemption purposes. *See In re Smith*, 23 B.R. 708 (D.Md.1982); *In re Sanders*, 69 B.R. 569 (E.D.Mo.1987); and *In re Stewart*, 32 B.R. 132 (D.Utah 1983).

tem. We limit any application of "otherwise" in W.S. 1–15–102(a)(vi) to a character of third-party obligations payable for services rendered by the claimant for exemption. Intrinsic to the meaning of W.S. 1–15–102 are the provisions of W.S. 1–15–408 which are related to earnings for personal services periodically payable. Business profits and receipts from crop and livestock simply cannot be logically impressed with the garnishment concept.

Consequently, we answer the questions presented:

    1. May a husband and wife each claim as exempt $2,000.00 of tools of trade under W.S. § 1–20–106(b) (for a total of $4,000.00) when both are involved in the same occupation[?]

YES

    2. May a rancher or farmer claim as exempt 75% of the proceeds derived from the sale of non-purchase money livestock under W.S. § 1–15–408[?]

NO

    3. May a rancher or farmer claim as exempt 75% of the value of the crops and livestock offspring planted or born after the perfection of a security interest under W.S. § 1–15–408[?]

NO