**RICE, SEILLER, CANTOR, ANDERSON & BORDY, Appellants,**

v.

**Danny FITZGERALD and Timothy Fitzgerald, Appellees.**

No. 90–CA–002358–MR.

Court of Appeals of Kentucky.

Feb. 14, 1992.

Neil C. Bordy, Louisville, for appellants.

William F. Ivers, Jr., New Castle, for appellees.

Before LESTER, C.J., WILHOIT, J., and STEPHENS, Special Judge.

STEPHENS, Special Judge.

This appeal is taken from the September 28, 1990 Order of the Henry Circuit Court which held that the proceeds from the sale of milk were exempt pursuant to KRS 427.-010. This Order set aside the Appellants' attachment of such proceeds.

The Appellants are members of the law firm of Rice, Seiller, Cantor, Anderson and Bordy. The Appellees are Danny and Timothy Fitzgerald, dairy farmers in Henry County, Kentucky.

In 1986 the Appellees filed for Chapter 11 protection in bankruptcy. The Appellees were represented by the Appellants in this bankruptcy proceeding. The Appellees' Chapter 11 plan was confirmed by the Bankruptcy Court, and in August, 1989 the Bankruptcy Court entered an Order allowing the Appellants a fee of $18,562.49 for the representation of the Appellees. The Bankruptcy Court also found that this award represented an administrative expense of the estate, and payment was approved. However, this administrative expense was never paid. The Appellants then filed a complaint against the Appellees in February, 1990 in Henry Circuit Court. A default judgment was entered for the full amount previously stated, as well as interest and costs.

In June, 1990 the Appellants filed an attachment on the Appellees' proceeds from the sale of milk to Dean's Milk. In mid-July, 1990 Dean's Milk forwarded a check in the sum of $12,514.34 to the Appellants. The Appellants filed a second attachment. In response to the second attachment, Dean's Milk sent the Appellants a check for $3,024.78, and later sent a second check for $9,699.58. In late August, 1990 the Appellants returned to the Appellees the sum of $5,110.98, the amount in excess of the outstanding balance owed to the Appellants.

The controlling question is whether proceeds from a dairy farmer's sale of milk constitute "earnings" within the meaning of KRS 427.005. If so, these "earnings" are exempt under KRS 427.010 and partially protected from garnishment. KRS 427.-005 provides the following definitions:

(1) The term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

(2) The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction

from those earnings of any amounts required by law to be withheld.

The trial court determined, and Appellees argue on appeal, that proceeds from the sale of milk do fall within the "earnings" definition of KRS 427.005.

The Appellees urge us to adopt the reasoning of *Lingle State Bank of Lingle v. Podolak*, 740 P.2d 392 (Wyo.1987), which held that proceeds from a farmer's wheat crop were classified as "earnings" and thus protected as an exemption under the statute. However, the statute addressed in *Podolak* was replaced by a new statute reviewed and discussed in *Coones v. Federal Deposit Ins. Corp.*, 796 P.2d 803 (Wyo. 1990). The more recent Wyoming statute, which is very similar to our own, provides:

> "Earnings" or "earnings from personal services" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, proceeds of any pension or retirement benefits or deferred compensation plan or otherwise[.]

*Coones*, at 805, specifically holds "profits and business earnings are outside the meaning of wage and salary." The *Coones* Court also found that the word "otherwise" could not be construed to include business profits and receipts from crop and livestock.

The Supreme Court of Mississippi, in *Leach v. Frazier,* Miss., 215 So.2d 253 (1968), dealt with circumstances and a statute closely resembling those presented in this appeal. In holding that the proceeds from the sale of milk were not exempt, the Mississippi Supreme Court held:

> The evidence establishes that the funds paid into court were for the purchase price of raw milk sold by either Roy Leach or Mrs. Roy Leach to LuVel Dairy Products, Inc. The Leaches were not employees of LuVel Dairy Products, Inc. and the funds were not for personal services. *Id.* at 255.

Closer to home, *Roberts v. Frank Carrithers & Bros.*, 180 Ky. 315, 202 S.W. 659 (1918), although distinguishable from the instant case, defines wages and salary as consideration given by an employer to one who is providing the employer services. *Roberts* further defined wages and earnings as

> ... usually a consideration in money, and is never applied in describing the gain, profit, or recompense which accrues to one who is conducting a business of his own and upon his own account. Hence a tobacco crop, which a farmer grows upon his own account and as a business venture of his own, could not in any event be wages earned by him ... 202 S.W. at 661.

*Roberts* supports the position that milk proceeds are not classified as "earnings", and, thus, are not exempt pursuant to KRS 427.-010.

The language of KRS 427.005 is limited in its application and does not include all compensation paid. We determine that proceeds from a dairy farmer's sale of milk do not constitute "earnings" as defined in KRS 427.005. And, therefore, the proceeds from such a sale are not exempt under KRS 427.010.

In view of the above ruling, the issue of the timeliness of the objection to the attachment is no longer in need of attention.

The Order of the Henry Circuit Court is REVERSED and the case REMANDED for proceedings consistent with this opinion.

All concur.