2018 WY 11

**SH, a minor child, and Bruce and Diane Hokanson, as grandparents, legal guardians, and next friends of SH, Appellants (Plaintiffs),**

v.

**CAMPBELL COUNTY SCHOOL DISTRICT, a body corporate in the State of Wyoming, by and through its governing body; and the Board of Trustees of the Campbell County School District, in its and their official capacities, Appellees (Defendants).**

S-17-0164

Supreme Court of Wyoming.

February 6, 2018

Representing Appellants: C. John Cotton, Cotton Law Offices, P.C., Gillette, Wyoming.

Representing Appellees: Tracy J. Copenhaver, Copenhaver, Kath, Kitchen & Kolpitcke, LLC, Powell, Wyoming.

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

FOX, Justice.

[¶1] SH received special education services at the Campbell County School District (School District) in accordance with an Individual Education Plan (IEP), pursuant to the federal Individuals with Disabilities Education Act. She was injured when she slipped and fell on the school playground, and she filed a complaint against the School District to recover damages for her injuries. SH claimed that the Wyoming Governmental Claims Act did not bar her suit against the School District, alleging that the IEP was a contract, and therefore the Act's exception to immunity for contract claims applied. The district court granted the School District's motion to dismiss, finding that the IEP was not a contract and there was no exception to the School District's governmental immunity. We affirm.

## ISSUE

[¶2] Is SH's IEP a contract that would provide an exception to governmental immunity under the Wyoming Governmental Claims Act?

## FACTS

[¶3] SH's grandparents, Bruce Hokanson and Diane Hokanson, are her legal guardians. They filed the complaint on her behalf, alleging that on January 13, 2016, SH slipped and fell on an icy school playground, sustaining serious injuries, including a fractured femur. This occurred, the complaint alleges, as a result of the School District's breach of the "IEP contract," which provides for "adult supervision throughout the school day." The complaint asserts claims against the School

District for breach of contract and for negligence. The district court held that an IEP is not a contract because it lacks the elements of offer, acceptance, and consideration, and it granted the School District's motion to dismiss. SH timely appealed.

## DISCUSSION

█ [¶4] The School District is subject to the Wyoming Governmental Claims Act, which provides that "[a] governmental entity and its public employees while acting within the scope of duties are granted immunity from liability for any tort except as provided [by the Act]." Wyo. Stat. Ann. § 1-39-104(a) (LexisNexis 2017). Wyo. Stat. Ann. § 1-39-104(a) provides an exception to governmental immunity when the action is based on a contract. Thus, to proceed with her action, SH must establish that the IEP is a contract.

*Is SH's IEP a contract that would provide an exception to governmental immunity under the Wyoming Governmental Claims Act?*

### A. Standard of review

█ [¶5] We review a district court's order granting a motion to dismiss under a de novo standard, reviewing the complaint and incorporated attachments, accepting all facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff. *Bush Land Dev. Co. v. Crook Cty. Weed & Pest Control Dist.*, 2017 WY 12, ¶ 7, 388 P.3d 536, 539 (Wyo. 2017). "Although dismissal is a drastic remedy which should be granted sparingly, a motion to dismiss 'is the proper method for testing the legal sufficiency of the allegations and will be sustained when the complaint shows on its face that the plaintiff is not entitled to relief.'" *Id.* (citations and emphasis omitted).[1] When we consider whether an exception applies to governmental immunity, we do not apply strict or liberal construction, but we simply apply the general rule "that the government is immune from liability, and, unless a claim falls within one of the statutory exceptions to governmental immunity, it will be barred." *State, Dep't of Corr. v. Watts*, 2008 WY 19, ¶¶ 19-20, 177 P.3d 793, 798-99 (Wyo. 2008) (internal quotation marks and citation omitted).

### B. Contract elements

█ [¶6] The elements of a contract are offer, acceptance, and consideration. *Parkhurst v. Boykin*, 2004 WY 90, ¶ 18, 94 P.3d 450, 459 (Wyo. 2004). While the district court found that each of these elements was lacking, we address only the element of consideration, whose absence alone is sufficient to conclude that the IEP is not a contract. We have defined consideration as "a legal detriment [that] has been bargained for and exchanged for a promise." *Moorcroft State Bank v. Morel*, 701 P.2d 1159, 1161-62 (Wyo. 1985). It can consist of

> profit or benefit to the assignor or forbearance or detriment given or suffered by the assignee; a benefit to the promisor or a detriment to the promisee; performance of an act (the making of a loan) by a promisee which he is not legally obligated to perform. In 1 Williston on Contracts, 1936, § 102A, p. 327, it is said, "It [detriment] means giving up something which immediately prior thereto the promisee was privileged to keep * * *."

*Id.* at 1162 (some citations omitted).

[¶7] SH places great emphasis on certain provisions in the IEP. First, SH's Baseline description states that she "demonstrates significant global delays in fine motor coordination, foundation skills, and needs maximal to moderate assistance to participate in all daily activities." She has a "wide gait pattern ... [and] needs assistance for support and safety," and "requires adult supervision throughout the school day" in order for her to "be safe." SH describes these provisions as critical terms in a contract between her

---

1. The district court's order discusses the heightened standard applied by federal courts to motions to dismiss, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). However, it concluded that "it does not matter which standard is applied" because the resolution of this matter does not depend on the facts alleged, but is instead a purely legal question. For this reason, and because the parties do not offer any vigorous argument for adoption of the *Iqbal* standard, we decline to consider whether to adopt it in this case.

guardians and the school district. And although we accept as true SH's contention that these were important provisions of the IEP for her, that does not establish the existence of consideration.

[¶8] The Wyoming Constitution requires the legislature to provide a free public education for all Wyoming children. Wyo. const. art. 7, § 1. The purpose of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.*, is "to assure that all children with disabilities have available to them ... a free appropriate public education which emphasizes special education and related services designed to meet their unique needs and to assure that the rights of children with disabilities and their parents or guardians are protected." *Padilla v. Sch. Dist. No. 1*, 233 F.3d 1268, 1270 (10th Cir. 2000) (citing 20 U.S.C. § 1400(d)(1)(A)-(B) ). The IDEA provides for administrative procedures when parents or guardians have complaints, 20 U.S.C. 1415(f) (2012); however, damages are not available through the administrative process and SH did not seek IDEA administrative review. *Padilla*, 233 F.3d at 1274-75 (citing *Covington v. Knox Cty. Sch. Sys.*, 205 F.3d 912, 918 (6th Cir. 2000) ). The IDEA "leaves to the States the primary responsibility for developing and executing educational programs for handicapped children, [but] imposes significant requirements to be followed in the discharge of that responsibility." *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 52, 126 S.Ct. 528, 531, 163 L.Ed.2d 387 (2005) (quoting *Bd. of Educ. of Hendrick Hudson Central Sch. Dist., Westchester Cty. v. Rowley*, 458 U.S. 176, 183, 102 S.Ct. 3034, 3039, 73 L.Ed.2d 690 (1982) ). Local education agencies receive federal IDEA funds if they certify that they are acting in accordance with the state's policies and procedures. 20 U.S.C. § 1413(a)(1) (2012). These requirements apply to Wyoming school districts. *See* Wyo. Stat. Ann. § 21-13-321(a)(ii) (LexisNexis 2017); Wyo. Dep't of Educ. General Agency Rules, ch. 7, § 2(a) (Westlaw, current through December 10, 2017). States that submit the required plans under the IDEA are eligible for federal assistance. 20 U.S.C. § 1412 (2012). Similarly, school districts are eligible for federal funding under the IDEA if they submit a plan to the Wyoming Department of Education (WDE) that meets the conditions of the IDEA and WDE rules. Wyo. Dep't of Educ. General Agency Rules, ch. 7, § 8.

[¶9] The IDEA requires public schools to have an IEP in effect for each child with a disability within their jurisdiction. 20 U.S.C. 1412(a)(4); 34 C.F.R. § 300.323 (2015). An IEP is a plan developed cooperatively by school officials and the child's parents or guardians that contains a "written statement for each child with a disability ... of the special education and related services" that will be provided. 20 U.S.C. 1414(d)(1)(A)(IV) (2012).

> An IEP is not a contract in a formal sense. It is simply a statement produced by an educational agency at the end of a formalized collaborative process, defining the appropriate set of special education services for a given child. Services are technically not a matter of contractual right, but are educational entitlements conferred by law to each eligible child on the basis of stated criteria and with due process guarantees.

Daniela Caruso, *Bargaining and Distribution in Special Education*, 14 Cornell J.L. & Pub. Pol'y 171, 176 (2005). As further evidence that the IEP is not a contract, the article points out that, when reviewing disputes over IEPs, courts apply deference to agency discretion rather than applying the standard for contract interpretation. *Id.* at 177. *See, e.g., John A. v. Bd. of Educ. for Howard Cty.*, 400 Md. 363, 929 A.2d 136, 149 (2007) ("Because an IEP is not evaluated as if it were a fully-integrated contract, an appropriate administrative body, here the ALJ [Administrative Law Judge], could order, based on a due process complaint, the IEP to be modified so that it is 'reasonably calculated to enable the child to receive educational benefits.' *Rowley*, 458 U.S. at 207, 102 S.Ct. at 3051."); *Thompson R2-J Sch. Dist. v. Luke P., ex rel. Jeff P.*, 540 F.3d 1143, 1149-50 (10th Cir. 2008) (Tenth Circuit applied "a modified *de novo* review, which entails an independent review of the evidence," to determine "not whether the IEP will guarantee some educational benefit, but whether it is reasonably calculated to do so ....").

[¶10] SH argues that consideration exists under Wyoming law because her guardians incurred detriment "in foregoing other options in reliance on [the School District]'s promises." She contends that her guardians gave up the opportunity to homeschool her, to place her in another facility, or to accompany her to school and provide supervision themselves. Although none of these allegations appears in the complaint, we accept as true that SH's guardians had certain options for SH's education. Nevertheless, the option they chose was for SH to avail herself of her legal right to a free, appropriate public education, which the School District was obliged to provide. SH suggests that the School District had the option of referring her to another facility, and therefore it cannot "be heard to claim it had no choice as to whether to provide the services or not." While it is correct that the school may refer a child to another facility as a means of implementing the IEP, implementation of the IEP remains the school's obligation, at no cost to the parent. 20 U.S.C. § 1412(a)(10)(B)(i).[2] "It is well recognized that the performance of a duty imposed by law is insufficient consideration to support a contract." *Schlesinger v. Woodcock*, 2001 WY 120, ¶ 14, 35 P.3d 1232, 1237 (Wyo. 2001) (citation omitted). Because the element of consideration is lacking,[3] the IEP it is not a contract.

[¶11] Our holding is consistent with most of the cases that have addressed the issue. In *Van Duyn ex rel. Van Duyn v. Baker Sch. Dist. 5J*, 502 F.3d 811 (9th Cir. 2007), the court rejected a student's attempt to have it resolve ambiguities in the student's favor, calling the argument that his IEP should be interpreted under state contract law "meritless," and reasoning that "the IEP is entirely a federal statutory creation, and courts have rejected efforts to frame challenges to IEPs as breach-of-contract claims. [The student] offers no example of a court treating an IEP as a contract, nor have we been able to locate any." *Id.* at 820 (citation omitted). The *Van Duyn* court cited *Ms. K v. City of South Portland*, 407 F.Supp.2d 290, 301 (D. Me. 2006), another case in which the court concluded, with little discussion, that an IEP is not a contract. *See also Wiles v. Dep't of Educ.*, 555 F.Supp.2d 1143, 1157 (D. Haw. 2008); *Stanley C. v. M.S.D. of Southwest Allen Cty. Schools*, 628 F.Supp.2d 902, 937-39 (N.D. Ind. 2008); *John A.*, 929 A.2d at 149-50. Only the Connecticut intermediate appellate court has squarely addressed the status of an IEP in the context of governmental immunity and found that it is a contract. *Lopez v. City of Bridgeport*, No. CV 156051932S, 2016 WL 4071711, *4 (Conn. Super. Ct. June 27, 2016) (unpublished opinion); *Nisinzweig v. Kurien*, No. X05CV960150688S, 2001 WL 1075761, at *29 (Conn. Super. Ct. Aug. 21, 2001) (unpublished opinion).[4] We find the

---

2. SH argues that the School District may have chosen to provide services to SH because it did not want "to transfer the funding to the other facility." The IDEA; 34 C.F.R. §§ 300.200—300.230; Wyo. Stat. Ann. § 21-13-321(b); Wyo. Dep't of Educ. General Agency Rules, ch. 7, § 8; and The Wyoming Funding Model, https://edu.wyoming.gov/downloads/schools/wyoming-funding-model-guidebook.pdf, at 149 (last visited February 1, 2018), provide for reimbursement to school districts for actual costs of special education expenditures, but there is no basis for the suggestion that the School District would profit by providing special education services to SH.

3. As we stated, *supra* ¶ 6, we do not address the other reasons given by the district court for finding the IEP is not a contract. And we need not address the question of whether, even if the elements of a contract were present, the IEP could be considered a valid contract without the action required of the School District board of trustees that is required by Wyo. Stat. Ann. § 21-3-

111(a)(iii) (LexisNexis 2017). *See Twitchell v. Bowman*, 440 P.2d 513, 515 (Wyo. 1968) (school district cannot be bound by a contract entered into without authority). ·

4. SH cites other cases to support her proposition that "multiple courts have considered and referred to IEPs as contracts." Those cases, however, fall far short of holding that an IEP is a contract. *See, e.g., Prunty v. Johnson & Johnson, Inc.*, No. 2:15-CV-105-FtM-29DNF, 2015 WL 2019411, at *2 (M.D. Fla. May 1, 2015); *Braley v. Midland Cty. Educ. Servs. Agency*, No. 06-11990-BC, 2007 WL 3332859, at *2 (E.D. Mich. Nov. 8, 2007) (IEP described in passing as a "contract" in case in which parties had stipulated to dismissal of school district); *F.M. ex rel. Ms. M. v. Anderson Ctr. for Autism*, No. · 1:13-CV-0041 (GTS/RFT), 2014 WL 4457256, at *5, 19 (N.D. N.Y. Sept. 10, 2014) (federal court in dismissing federal claims states, without considering merit, that state law claims could be brought in state court).

majority rule more persuasive, and more consistent with Wyoming contract law.

[¶12] Because the IEP is not a contract, it does not create an exception to the School District's governmental immunity, and the decision of the district court is affirmed.