# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 154

OCTOBER TERM, A.D. 2020

December 18, 2020

DONALD FUGER and MARY FUGER,

Appellants
(Defendants/Third Party Plaintiffs),

v.

LARRY WAGONER

Appellee
(Plaintiff),

and

CHARILLA WAGONER, a/k/a SHORILLA
WAGONER,

Appellee
(Third Party Defendant).

S-20-0099, S-20-0100

LARRY WAGONER,

Appellant
(Plaintiff),

and

CHARILLA WAGONER, a/k/a SHORILLA
WAGONER,

Appellant
(Third Party Defendant),

v.

DONALD FUGER and MARY FUGER,

Appellees
(Defendants/Third Party Plaintiffs).

*Appeal from the District Court of Sweetwater County*
*The Honorable Richard L. Lavery, Judge*

*Representing Donald Fuger and Mary Fuger:*

Clark D. Stith, Stith Law Office, Rock Springs, Wyoming.  Argument by Mr. Stith.

*Representing Larry Wagoner and Charilla Wagoner:*

Elizabeth Greenwood, Greenwood Law, LLC, Pinedale, Wyoming; Inga L. Parsons, Attorney at Law, Marblehead, Massachusetts. Argument by Ms. Parsons.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    Donald Fuger and Larry Wagoner entered into an agreement to construct two buildings on five acres of the Fugers' property.  After the parties completed the buildings, Mr. Wagoner occupied one and rented the other for several years.  The arrangement ended when it became apparent that the parties had different versions of the terms of their agreement.  Mr. Fuger and his wife, Mary Fuger, sued Mr. Wagoner and his wife, Charilla Wagoner, to evict them from the property.  Mr. Wagoner sued the Fugers under contract and equitable theories for ownership of one building and the underlying five acres.  The district court held a bench trial and largely found in favor of Mr. Wagoner but held specific performance unavailable.  Both parties appealed.  We reverse and remand.

## *ISSUES*

[¶2]    The Fugers raised numerous issues, which we rephrase as follows:

I.      Did the district court err in finding the written lease unenforceable and enforcing the prior oral contract when the lease contained an integration clause?

II.     Did the district court err in finding a valid oral contract between Mr. Wagoner and Mr. Fuger?

We rephrase Mr. Wagoner's issues on appeal as:

III.    Did the district court err when it granted the Fugers' W.R.C.P. 52(c) motion and found that Mr. Wagoner failed to prove there was a contract to sell between him and Mrs. Fuger?

IV.     Did the district court err in not awarding equitable remedies for Mr. Wagoner against Mrs. Fuger?

## *FACTS*

[¶3]    Donald and Mary Fuger own forty acres of land in Reliance, Wyoming as tenants by the entireties.  Around 2008, Donald Fuger and Larry Wagoner entered into an agreement regarding a five-acre section known as the Western States Yard.  Mr. Wagoner cleared the site and stored equipment there.  At some point, the parties agreed to construct two buildings on the site.  Mr. Wagoner asserts the parties orally agreed that Mr. Fuger would obtain a loan to construct two metal buildings.  Mr. Wagoner would construct the buildings, pay off the loan and, ultimately, own one of the buildings and the five-acre parcel underneath, while Mr. Fuger would own the other building.  The parties

1

worked together to obtain the proper permits for the project and to convert the zoning of the property. Prior to constructing the buildings, the parties signed a lease agreement containing an integration clause but missing the payment term. Mr. Fuger asserts that the lease agreement constitutes the entirety of their agreement. He claims that, under the lease, Mr. Wagoner was required to pay for the cost of the construction loan and the permanent financing. In exchange, Mr. Wagoner had exclusive use of both buildings for five years, until February 2017.

[¶4]    The Fugers' LLC, Reliance Storage, obtained a construction loan and, later, the permanent financing on the project. Mr. Wagoner prepared the site, lined up subcontractors, and worked with them to construct the buildings. After several months, the project was complete, and the Western States Yard had two buildings and other improvements. Mr. Wagoner occupied one building and rented out the second building for $2,500 per month. Mr. Wagoner made monthly payments of $2,500 to the Fugers for a couple years, and then paid the bank around $2,100 a month for nearly three years, until the Fugers told the bank to stop accepting his payments.

[¶5]    In November 2017, the Fugers served a Notice to Quit Premises on Mr. Wagoner. Mr. Wagoner remained on the premises and sued the Fugers for breach of oral contract, promissory estoppel, unjust enrichment, quantum meruit and implied contract, and injunctive relief. The Fugers counterclaimed for forcible entry and detainer and slander of title.[1] The district court consolidated the cases and held a bench trial. At the close of the Wagoners' case, Fugers' counsel made a motion, under Rule 52(c), for "judgment as a matter of law" on the claims against Mrs. Fuger, and the district court took that motion under advisement.

[¶6]    The district court entered Findings of Fact and Conclusions of Law. It held that the lease agreement was unenforceable because it was missing an essential term, the amount of rent, that could not be provided through course of performance. The district court then held that an enforceable oral contract existed between Mr. Fuger and Mr. Wagoner. But, because the Fugers owned the property as tenants by the entireties, the district court determined specific performance was unavailable and, instead, awarded actual damages. The district court awarded Mr. Wagoner $302,234.48, plus post-judgment interest. It did not reach Mr. Wagoner's equitable claims because it found an enforceable oral contract. The district court granted the Fugers' Rule 52(c) motion. It found no enforceable contract with Mrs. Fuger and held that Mr. Fuger did not have authority to convey ownership of the Western States Yard because the couple owned it as tenants by the entireties. It also ruled against the Fugers on their slander of title claim, which they did not appeal. Finally, the district court gave the Wagoners thirty days to vacate the premises. Both parties appealed the district court's decision.

---

[1] The Fugers originally filed their forcible entry and detainer action in circuit court.

2

*DISCUSSION*

## I. The district court correctly found the written lease unenforceable because it is missing an essential term

[¶7]   The Fugers argue that the district court erred in finding the written lease was missing an essential term.  They contend the rent term can be filled by looking at course of performance and therefore the lease is a valid contract.  They assert that, because the lease is a binding contract with an integration clause, it supersedes the oral agreement.

### A. Standard of Review

[¶8]   After a bench trial, we review the district court's factual findings for clear error and its conclusions of law de novo.  *Mattheis Co. v. Town of Jackson*, 2019 WY 78, ¶ 18, 444 P.3d 1268, 1275 (Wyo. 2019) (citing *Acorn v. Moncecchi*, 2016 WY 124, ¶ 23, 386 P.3d 739, 748 (Wyo. 2016)).

> The factual findings of a judge are not entitled to the limited review afforded a jury verdict.  While the findings are presumptively correct, the appellate court may examine all of the properly admissible evidence in the record.  Due regard is given to the opportunity of the trial judge to assess the credibility of the witnesses, and our review does not entail reweighing disputed evidence.  Findings of fact will not be set aside unless they are clearly erroneous.  A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.  In considering a trial court's factual findings, we assume that the evidence of the prevailing party below is true and give that party every reasonable inference that can fairly and reasonably be drawn from it.  We do not substitute ourselves for the trial court as a finder of facts; instead, we defer to those findings unless they are unsupported by the record or erroneous as a matter of law.  The district court's conclusions of law are reviewed *de novo*.

*Mattheis*, 2019 WY 78, ¶ 18, 444 P.3d at 1275 (quoting *Meiners v. Meiners*, 2019 WY 39, ¶ 8, 438 P.3d 1260, 1265-66 (Wyo. 2019)).

## B. Discussion

[¶9]   There is no question that the parties signed a lease agreement and that the lease agreement contained an integration clause.  The question is whether the essential terms were sufficiently definite to form an enforceable contract.  Whether a term is essential is often a question of fact. *Mantle v. North Star Energy & Constr.*, 2019 WY 29, ¶ 62, 437 P.3d 758, 782 (Wyo. 2019) (citing *Roussalis v. Wyo. Med. Ctr., Inc.*, 4 P.3d 209, 232 (Wyo. 2000)).  The district court determined that the missing rent amount was an essential term of the lease agreement.  The purpose of the lease agreement was to grant Mr. Wagoner the use of the Western States Yard for five years for a monthly payment.  The rental amount is an essential term because without it, the court cannot determine if there was a breach, or how to remedy it. *See Simek v. Tate*, 2010 WY 65, ¶ 21, 231 P.3d 891, 899 (Wyo. 2010).  The court's finding that the rental amount was an essential term was not clearly erroneous.

[¶10]  However, the contract need not fail simply because it is missing an essential term.

> While it is essential that the mutual assent of the parties to the terms of a contract must be sufficiently definite to enable the court to ascertain what they are, nevertheless it is not necessary that each term be spelled out in minute detail.  It is only that the essentials of the contract must have been agreed upon and be ascertainable.  The law does not favor the destruction of contracts on the ground of indefiniteness, and if it be feasible the court will so construe the agreement so as to carry into effect the reasonable intention of the parties if that can be ascertained.

*Mantle*, 2019 WY 29, ¶ 62, 437 P.3d at 782 (quoting *Roussalis*, 4 P.3d at 231-32).  "An agreement may be fleshed out by usages to which the parties are subject, by a course of dealing between the parties prior to their agreement, or by a course of performance between them after their agreement." *Mantle*, 2019 WY 29, ¶ 63, 437 P.3d at 782 (quoting I E. Allan Farnsworth, *Farnsworth on Contracts* § 3.28, at 357 (1990)).  Mr. Fuger argues that the parties agreed prior to signing the lease that they would determine the monthly rent after they secured permanent financing and learned the amount of that monthly payment.  He asserts that the parties' course of performance after signing the lease demonstrates the prior agreement and adequately completes the missing term.

[¶11]  The lease is silent not only about the amount of monthly rent, but also about how to calculate the rent, and when or if it would change.  At most, Mr. Fuger's contention is that the parties had an agreement to agree to the rental amount.  "Unless the essential terms of such a future agreement are defined with reasonable certainty, there is no

4

contract for the court to enforce." *Rialto Theatre, Inc. v. Commonwealth Theatres, Inc.*, 714 P.2d 328, 334-35 (Wyo. 1986) (citations omitted). The amount Mr. Wagoner paid each month varied over the years that he occupied the Western States Yard. Mr. Wagoner paid Mr. Fuger $2,500 per month for nearly two years. For the next three years, Mr. Wagoner paid approximately $2,100 per month directly to the bank. Because Mr. Wagoner paid different amounts of rent to different recipients over the years, the course of performance is not sufficiently definite to complete the missing term. *Id.*; *see also Davis v. Davis*, 855 P.2d 342, 349 (Wyo. 1993) (citations omitted) ("definite terms that the parties themselves did not agree upon cannot be supplied by the court"). The district court did not err in finding the lease agreement unenforceable.

## II.     The district court erred in finding a valid oral contract between Mr. Wagoner and Mr. Fuger

[¶12] Though the district court recognized that the tenancy by the entireties prevented Mr. Fuger from selling the Western States Yard to Mr. Wagoner, it nevertheless found an enforceable oral contract between the two men. Mr. Fuger argues this was error, and we agree.

[¶13] Five unities are required to establish a tenancy by the entireties: "(1) unity of interest, (2) unity of title, (3) unity of time, and (4) unity of possession. For a tenancy by the entirety, there is of course the additional characteristic of unity of person which exists only in the case of a husband and wife." *Baker v. Speaks*, 2013 WY 24, ¶ 47, 295 P.3d 847, 858 (Wyo. 2013) (quoting *Wambeke v. Hopkin*, 372 P.2d 470, 475 (Wyo. 1962)). It is undisputed the Fugers owned the property as tenants by the entireties. In general, "husband and wife . . . take the whole estate as a single person. . . . The estate is owned not by one but by both as an indivisible entity and . . . [they] cannot [divide the estate] except by the joint act of husband and wife." *Ward Terry & Co. v. Hensen*, 75 Wyo. 444, 451-52, 297 P.2d 213, 215 (1956) (citations omitted). The district court found that Mrs. Fuger did not intend to sell the Western States Yard to Mr. Wagoner. When the Fugers' counsel asked Mrs. Fuger if she ever agreed to sell all or part of her property to Mr. Wagoner, she responded, "Not on your life." Her testimony was uncontroverted, and the district court's finding is not clearly erroneous. Thus, we must determine whether Mr. Fuger could have entered into a valid contract conveying the property.

[¶14] Mr. Fuger is powerless to complete the agreement because Mrs. Fuger, who also owns the property in its entirety, is not a party to it. *See, e.g.*, *Baker*, 2013 WY 24, ¶¶ 47-59, 295 P.3d at 858-61 (a judgment creditor cannot execute a judgment against one spouse on a property owned by tenants by the entireties even if the property was fraudulently transferred); *Witzel v. Witzel*, 386 P.2d 103, 107 (Wyo. 1963) ("[N]either tenant by the entirety may convey his or her interest without the consent of the other."); *Wambeke*, 372 P.2d at 474 (citations omitted) ("[I]n an estate by the entirety, the estate can be changed or severed only by the voluntary joint acts of both parties or by operation

of law, e.g., by divorce."); *Clingerman v. Sadowski*, 519 A.2d 378, 380-81 (Pa. 1986) (citations omitted) ("Neither spouse in a tenancy by the entireties may independently appropriate property to his or her own use to the exclusion of the other, and neither spouse, acting independently, may sever the estate by, for example, conveying part of the property away."). Because Mr. Fuger cannot unilaterally sell the property, the oral contract is void, and the district court erred in finding an enforceable contract.[2] We reverse and remand for consideration of Mr. Wagoner's equitable claims against Mr. Fuger.

### III. The district court did not err when it found no enforceable contract between Mrs. Fuger and Mr. Wagoner and granted the Fugers' Rule 52(c) motion

[¶15] Mr. Wagoner argues there was an enforceable contract between him and Mrs. Fuger to sell the property because Mrs. Fuger was a fifty-percent owner of the LLC that took out the loan to construct the buildings, and she signed the lease for the project. He further argues that Mr. Fuger acted as though he had full authority to make representations for his wife, and she is therefore bound under a theory of apparent authority.

### A. Standard of Review

[¶16] Wyoming Rule of Civil Procedure 52(c) is similar to a motion for judgment as a matter of law under Rule 50(a)(1) in a jury trial. It permits the district court to enter judgment at the close of a plaintiff's case, during a bench trial, if it determines that the claim cannot be maintained under the controlling principles of law. *Ultra Res., Inc. v. Hartman*, 2010 WY 36, ¶ 59, 226 P.3d 889, 914 (Wyo. 2010). We review the district court's grant of a motion under Rule 52(c) de novo and regard the plaintiff's evidence as true and afford it all favorable and reasonable inferences. *Id.* at ¶¶ 59-60, 226 P.3d at 913-14. "When the plaintiffs' proof has failed in some aspect, the motion is properly granted; however, when the plaintiffs have presented a prima facie case, the motion is properly denied." *Id*. at ¶ 60, 226 P.3d at 914 (citing *Hutchinson v. Taft*, 2010 WY 5, ¶ 12, 222 P.3d 1250, 1253 (Wyo. 2010)).

### B. No Contract

[¶17] The district court held that Mr. Wagoner did not prove an enforceable contract against Mrs. Fuger and that his agency argument does not overcome the Fugers' tenancy by the entireties. There is no written contract for the sale of land between Mr. Wagoner and Mrs. Fuger. However, Mr. Wagoner contends that an enforceable contract exists

---

[2] The Fugers also appealed the district court's damages calculation, but we do not reach that issue because we conclude the oral contract is void.

6

because Mrs. Fuger was the fifty-percent owner and vice president of the LLC that the Fugers used to obtain the loan, and because she signed the lease agreement. Setting aside statutory requirements,[3] a contract for the sale of land requires, at the very least, offer, acceptance, and consideration. *SH v. Campbell Cnty. Sch. Dist.*, 2018 WY 11, ¶ 6, 409 P.3d 1231, 1233 (Wyo. 2018).

[¶18] The Fugers' counsel asked Mrs. Fuger if she ever agreed to sell all or part of her land to Mr. Wagoner and she responded unequivocally that she had not. This testimony was uncontested. In fact, the only reference Mr. Wagoner made to Mrs. Fuger, in relation to the deal, was that she was against any agreement, and he expressed confusion about whether she signed the loan documents:

> Q. The borrowers of the money from the bank were Donald and Mary Fuger; is that correct?
>
> A. I don't know if Mary—Mary was on the note, too, I think. Because at first, she was really against the whole thing, and I assured her that I didn't care what I had to do, the payments would be made.

Even affording this statement all favorable inferences, it does not establish that Mrs. Fuger offered to sell the land, that Mr. Wagoner accepted the offer, and that consideration was exchanged—nor does Mrs. Fuger's participation in obtaining a loan or signing a lease. There is simply no evidence of a contract to sell between Mrs. Fuger and Mr. Wagoner.

## C. No Actual or Apparent Authority

[¶19] Mr. Wagoner argues that the district court erred in holding that no agency relationship existed between the Fugers because Mr. Fuger operated as though he had full authority to make decisions about the Western States Yard. "An agent has express actual authority to bind the principal when the principal, orally or in writing, specifically grants the agent the power to bind the principal." *Ohio Cas. Ins. Co. v. W.N. McMurry Const. Co.*, 2010 WY 57, ¶ 39, 230 P.3d 312, 326 (Wyo. 2010) (quoting *Cargill, Inc. v. Mountain Cement Co.*, 891 P.2d 57, 62 (Wyo. 1995)). While one spouse can be the agent for the other spouse, marital status alone does not establish an agency relationship and regular agency principles apply. 41 Am. Jur. 2d *Husband and Wife* § 52, Westlaw

---

[3] The statute of frauds requires contracts for the sale of land to be in writing with some exceptions. *Davis v. Harmony Dev., LLC*, 2020 WY 39, ¶¶ 11-12, 460 P.3d 230, 235 (Wyo. 2020); *Parkhurst v. Boykin*, 2004 WY 90, ¶ 14, 94 P.3d 450, 457 (Wyo. 2004) (quoting *Birt v. Wells Fargo Home Mortg., Inc.*, 2003 WY 102, ¶ 25 n.5, 75 P.3d 640, 651 n.5 (Wyo. 2003)). However, this issue was not raised on appeal.

(database updated November 2020).  Mr. Wagoner does not argue Mrs. Fuger gave Mr. Fuger actual authority to convey the property.  Rather, he attempts to overcome the rule that "neither spouse may convey his or her interest as a tenant by the entirety without being joined in the conveyance by the other spouse" by asserting that Mr. Fuger had apparent authority to make decisions for his wife regarding the Western States Yard.  *Est. of Marusich v. State, ex rel., Dep't of Health, Off. of Healthcare Fin./Equalitycare*, 2013 WY 150, ¶ 18, 313 P.3d 1272, 1279 (Wyo. 2013) (citing *Ward Terry*, 297 P.2d at 215).

[¶20]  To establish apparent agency, the third party must prove: "(1) the principal 'was responsible for the appearance of authority in the agent to conduct the transaction in question,' and (2) the third party reasonably relied on the representations of the agent." *Ohio Cas. Ins. Co.*, 2010 WY 57, ¶ 39, 230 P.3d at 326 (citations omitted).  We need not decide whether apparent authority can ever overcome a tenancy by the entireties, because Mr. Wagoner's argument fails on the first prong.  None of the evidence presented at trial demonstrated that Mrs. Fuger's actions created the appearance of authority in Mr. Fuger.  The district court did not err in granting the Fugers' Rule 52(c) motion.

## IV.    *The district court must consider Mr. Wagoner's claims of equitable relief against Mrs. Fuger*

[¶21]  Finally, Mr. Wagoner argues that the district court erred by not finding against Mrs. Fuger on his promissory estoppel and unjust enrichment claims.  Mr. Wagoner pled equitable remedies against both Mr. and Mrs. Fuger.  The district court should have determined whether Mr. Wagoner was entitled to relief under his equitable claims when it found no contract existed with Mrs. Fuger.  Thus, we remand to the district court for consideration of whether Mr. Wagoner is entitled to equitable relief against Mrs. Fuger.

## *CONCLUSION*

[¶22]  Because we hold that the oral contract is void, we need not determine whether the district court erred in calculating damages.  We reverse and remand for consideration of Mr. Wagoner's claims of promissory estoppel, unjust enrichment, and quantum meruit against both Mr. and Mrs. Fuger.